LESLIE R. WEATHERHEAD
STEVEN J. DIXSON
WITHERSPOON · KELLEY, P.S.
422 W. Riverside Ave., Suite 1100
Spokane, Washington 99201
Telephone: (509) 624-5265

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>KEVIN WILLIAM HARPHAM,<br><br>                Defendant. | Case No. 2:11-cr-00042-JLQ-1<br><br>COWLES PUBLISHING COMPANY'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF ITS MOTION TO INTERVENE, UNSEAL THE AFFIDAVIT FOR COMPLAINT AND ACCESS CERTAIN GRAND JURY MATERIAL DISCLOSED TO THE DEFENDANT<br><br>NOTE ON MOTION CALENDAR:<br>April 1, 2011 at 6:30 P.M. |

I.   INTRODUCTION/RELIEF REQUESTED

Cowles Publishing Company ("Cowles") respectfully requests this Court grant its motion to intervene for the purpose of seeking to unseal the affidavit in support of the criminal complaint filed against Kevin William Harpham, the Defendant herein, and for access to the grand jury materials which the United States has been granted permission to release to the Defendant. Based upon the unopposed nature of United States' motion

COWLES PUBLISHING COMPANY'S
MEMORANDUM TO INTERVENE
AND UNSEAL - 1

WITHERSPOON · KELLEY, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

to seal the affidavit, it is apparent that no other party currently before the Court adequately represents Cowles' position in favor of access.[1] In addition, the United States failed to meet its high burden in justifying the sealing of the affidavit. This Court should grant Cowles' motion to intervene, unseal the affidavit in support of the criminal complaint and allow disclosure of the same grand jury materials which will be provided to the Defendant.

## II. STATEMENT OF FACTS

Cowles Publishing Company publishes *The Spokesman-Review*, the largest daily newspaper in the Eastern Washington/Northern Idaho market with a daily circulation of approximately 70,000 papers. *Declaration of Addy Hatch* ("*Hatch Dec.*"), ¶ 2. Defendant's case has generated a great deal of local interest, and Cowles has actively followed the case since an explosive device was discovered along the Martin Luther King, Jr. Parade route in downtown Spokane on January 17, 2011. *Hatch Dec.*, ¶ 3. Following nearly two months of investigation, the Defendant was arrested on March 8, 2011. *Hatch Dec.*, ¶ 4.

On March 8, 2011, the United States filed a criminal complaint against the Defendant (Dkt. No. 1), which complaint was apparently supported by an affidavit (Dkt.

---

[1] Cowles is aware that KXLY-TV filed a "Motion to Unseal Documents" on March 30, 2011 (Dkt. No. 43). Cowles hereby joins in that motion and provides the additional authority in its own motion and memorandum herein.

COWLES PUBLISHING COMPANY'S
MEMORANDUM TO INTERVENE
AND UNSEAL - 2

<span class="firm">WITHERSPOON · KELLEY, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265</span>

No. 2). The United States also filed a Motion to Seal Affidavit for Complaint (Dkt. No 3). United States District Court Magistrate Judge Cynthia Imbrogno entered an Order to Seal Affidavit for Complaint that same day (Dkt. No. 8).  The motion to seal was not opposed, and there are no written findings of fact supporting to the Order to seal the affidavit.  Cowles' representatives have made requests for access to the affidavit, but have been informed that the document is under seal and not available to the public or press. *Hatch Dec.*, ¶ 5.

Since the Order sealing the affidavit was entered, the Defendant has made his initial appearance (Dkt. No. 13), been indicted (Dkt. No. 21) and been arraigned and pled not guilty to the two federal charges filed in the complaint (Dkt No. 25).  In a recent filing, the United States indicated that it has provided a copy of the affidavit in support of the criminal complaint to counsel for the Defendant. (*See* Dkt. No. 41, page 3).

In addition, the United States filed a motion to release certain documents and portions of grand jury testimony to the Defendant.  (Dkt. No. 37).  The Court recently granted the United States' motion. (Dkt. No. 44).

### III.  STATEMENT OF ISSUES

1. Whether Cowles should be allowed to intervene for the purpose of seeking access to the sealed affidavit for complaint and the grand jury materials which will be provided to the Defendant?

COWLES PUBLISHING COMPANY'S
MEMORANDUM TO INTERVENE
AND UNSEAL - 3

WITHERSPOON · KELLEY, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U S BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

2. Whether the affidavit for complaint should be unsealed, and the grand jury materials made available to the public, where no notice was given to the public of the motion to seal, no compelling reasons for sealing were proposed, and no factual findings or evidentiary support were provided to justify the sealing?

## IV. ARGUMENT

### A. Cowles' Motion to Intervene Should be Granted

Cowles' motion to intervene should be granted pursuant to the long-standing tradition of common-law and First Amendment access to judicial process and documents, as recognized by the Supreme Court, the Ninth Circuit and this Court.

The press has a recognized right of access to court records and proceedings. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.") More than just a general right to access, "there is a strong presumption in favor of the common law right to inspect and copy judicial records." *Phoenix Newspapers, Inc. v. U.S. District Court*, 156 F.3d 940, 946 (9th Cir. 1998).

Cowles should be allowed to intervene in the present matter. Cowles is a news organization whose task, among others, is to shed light upon all phases of the criminal process, and it is currently precluded from doing so based upon the sealed nature of the affidavit and the secrecy of the grand jury materials. The motion to seal the affidavit

COWLES PUBLISHING COMPANY'S
MEMORANDUM TO INTERVENE
AND UNSEAL - 4

WITHERSPOON · KELLEY, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

was not opposed by the Defendant, nor did the United States give any notice to the public at large that the affidavit would be sealed. In this critical instance given that this case involves allegations of politically motivated violence, it is more important than ever that the prosecution be conducted as transparently as possible to reaffirm the public's belief in the criminal justice system and the rule of law.

B. **The Affidavit for Complaint Should be Unsealed**

The affidavit for complaint should be unsealed due to the lack of compelling interests identified in support of sealing, the absence of factual findings to support the compelling interests, and the lack of notice to any party in opposition prior to sealing the affidavit.

1. **Constitutional Right to Access Judicial Documents**

In *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 569 (1980), the Supreme Court noted that "historical evidence demonstrates conclusively that at a time when our organic laws were adopted, criminal trials both here and in England had long been presumptively open. ... [I]t has long been recognized as an indispensable attribute of an Anglo-American trial." Relying upon that history, the Court announced that "from this unbroken, uncontradicted history, supported by reasons as valid today as in centuries past, we are bound to conclude that a presumption of openness inheres in the very nature of a criminal trial under our system of justice." *Id.* at 573.

COWLES PUBLISHING COMPANY'S
MEMORANDUM TO INTERVENE
AND UNSEAL - 5

WITHERSPOON · KELLEY, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

In order to overcome this presumption of openness, a proponent of closure must pass an incredibly high standard:

> Where … the State attempts to deny the right of access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling government interest, and is narrowly tailored to serve that interest. The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.

*Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984) (*Press-Enterprise I*).

In the Ninth Circuit, "[t]he party seeking to seal a judicial record 'must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process' …[I]f the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations omitted); *see also Oregonian Publ'g Co. v. District Court*, 920 F.2d 1462, 1467 ("It is the burden of the party seeking closure ... to present facts supporting closure and to demonstrate that available alternatives will not protect his rights.")

COWLES PUBLISHING COMPANY'S
MEMORANDUM TO INTERVENE
AND UNSEAL - 6

WITHERSPOON · KELLEY, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U S BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

The import of public records in informing the public about the criminal justice system is of utmost importance and cannot be abrogated absent specific factual findings:

> 'While we deliberate in private, we recognize the fundamental importance of issuing public decisions after public arguments based on public records. Accordingly, '[a]ny step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification.'

*United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (internal citations omitted).

### 2. Constitutional Test to Determine Right of Access

The Ninth Circuit has long recognized that "the public and the press have a right of access to criminal proceedings and documents filed therein," and that that "right of access is grounded in the First Amendment and in common law." *CBS, Inc. v. District Court*, 765 F.2d 823, 825 (9th Cir. 1985). Because courtroom space is limited and the general public dispersed, "the media plays an indispensable representative role in gathering and disseminating to the public current information on trials." *Valley Broadcasting Co. v. District Court*, 798 F.2d at 1292, citing *Richmond Newspapers*, 448 U.S. at 581-82, n. 18. That role is particularly important in this case where the Defendant is accused of crimes which had the potential to injure, maim or kill multiple people within the Eastern District, many of whom may be following the investigation, arrest and subsequent trial of the Defendant through the news media.

COWLES PUBLISHING COMPANY'S
MEMORANDUM TO INTERVENE
AND UNSEAL - 7

WITHERSPOON · KELLEY, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

To determine whether a first amendment right of access exists for a particular document, courts apply the "experience and logic" test. *United States v. Kott*, 380 F.Supp.2d 1122, 1123 (C.D. Ca. 2004). "First, the court is to decide whether the type of document has traditionally been open and available to the public. Second, the court is to determine whether public access to the document would serve as a curb on prosecutorial or judicial misconduct or otherwise further the public interest in understanding the criminal justice system." *Id.*

    a.    *The information contained within an affidavit for complaint is traditionally public*

The affidavit for complaint was presumptively filed to support the Defendant's detention after his arrest and before his initial appearance. At the Defendant's initial appearance, the United States must present evidence to justify the probable cause that supported the arrest, which information is generally found in the affidavit. Fed.R.Crim.P. 4(a), 5(b). Also at that hearing, if pre-trial detention of the Defendant is requested, the United States must establish the grounds for detention under 18 U.S.C. § 3412(e), which facts are also primarily contained within the affidavit for complaint. The public has a qualified First Amendment right to access these preliminary hearings. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 10 (1986) (*Press-Enterprise II*). Consequently, there is an historical right of public access to the information contained in the sealed affidavit in this case.

COWLES PUBLISHING COMPANY'S
MEMORANDUM TO INTERVENE
AND UNSEAL - 8

WITHERSPOON · KELLEY, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

In cases where there is no established history to counsel the Court as to access to a particular document, "logic alone, even without experience, may be enough to establish the right." *In re Copley Press, Inc.*, 518 F.3d 1022, 1026 (9th Cir. 2008), *citing Seattle Times Co. v. District Court*, 845 F.2d 1513, 1516-17 ("[E]ven without an 'unbroken history of public access,' the First Amendment right exists if 'public scrutiny' would 'benefit' the proceedings"). There is no historical precedent to establish that affidavits filed in support of criminal complaints are traditionally kept secret. Rather, logic dictates that release of the affidavit, and the increased public scrutiny would benefit the proceedings by shedding light on the investigative measures and underlying basis to charge the Defendant with the crimes alleged in the complaint. The affidavit for complaint meets the first part of the *Kott* test.

      b.    *Access will curb prosecutorial misconduct and further the public's interest in the criminal justice system*

The Defendant's case has created a large amount of local interest, and, to date, very little is known regarding the basis for the Defendant's arrest, the criminal complaint and subsequent indictment. Release of the affidavit will allow the public to observe the criminal justice system and ensure that the United States acts properly in this high-profile matter involving an alleged politically motivated attempt at violence. Access further affords the public the information it needs to monitor the federal government and hold it accountable. *Times Mirror Co. v. Untied States*, 873 F.2d 1210, 1213 (9th Cir.

COWLES PUBLISHING COMPANY'S
MEMORANDUM TO INTERVENE
AND UNSEAL - 9

WITHERSPOON · KELLEY, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

1989), *citing Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604 (1982). "The bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury and fraud." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2nd Cir. 2004). Cowles has a First Amendment right to the sealed affidavit.

### 3. The Procedural Requirements for Sealing Were Not Met

Once a First Amendment right has been established, the burden shifts to the party opposing access to demonstrate that non-disclosure "is strictly and inescapably necessary" to protect the Defendant's fair trial guarantee or some other compelling interest. *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 440 (1979). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access by "articulat[ing] compelling reasons supported by specific factual findings." *San Jose Mercury News, Inc. v. District Court*, 187 F.3d 1096, 1102-03 (9th Cir. 1999). In order to satisfy constitutional procedural requirements before a document may be sealed, the Court must do so "on the basis of articulated facts known to the court, not on the basis of unsupported hypothesis or conjecture…[I]t is vital for a court clearly to state the basis of its ruling, so as to permit appellate review of whether relevant factors were considered and given appropriate weight." *Valley Broadcasting*, 798 F.2d at 1294.

COWLES PUBLISHING COMPANY'S
MEMORANDUM TO INTERVENE
AND UNSEAL - 10

WITHERSPOON · KELLEY, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

Here, the public and the press were unable to participate in the process leading to the decision to seal the affidavit without any notice or opportunity to object; the criminal complaint, affidavit, motion to seal and sealing order were all issued on the same date. The United States did not provide any justification for the sealing in its Motion to Seal the Affidavit for Complaint (Dkt. No. 3), and the Court's Order to Seal Affidavit for Complaint (Dkt. No. 8) did not discuss or balance any of the relevant factors prior to sealing. No compelling interests were presented to the court, no balancing took place, and no on-the-record findings were entered. As noted in *United States v. Biogan*, 510 F.3d 844, 848 (9th Cir. 2007) "failure to follow proper procedures as a predicate to closure of the courtroom would [be] error."

4.     **The Substantive Requirements for Sealing Were Not Met**

Assuming, counterfactually, that the procedural requirements for sealing had occurred, a three part substantive test must be met before sealing may be ordered:

> [C]riminal proceedings and documents may be closed to the public without violating the first amendment only if three substantive requirements are satisfied: 1) closure serves a compelling interest; 2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and 3) there are no alternatives to closure that would adequately protect the compelling interest.

*Oregonian*, 920 F.2d at 1466, *citing Press-Enterprise II*, 478 U.S. 1, 13-14.

In the present case, the unsealing of the affidavit is particularly justified. The Defendant has already been arrested, indicted and arraigned, so there is no potential

COWLES PUBLISHING COMPANY'S
MEMORANDUM TO INTERVENE
AND UNSEAL - 11

WITHERSPOON · KELLEY, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U S BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

harm or prejudice to an ongoing investigation. In addition, the affidavit for complaint, as well as five search warrants, have already been shared with the Defendant (*see* Dkt. No. 41, p. 3, ll. 7-12), and the United States was recently granted permission to disclose portions of the grand jury proceedings and supporting documents to the Defendant (Dkt. No. 44). Consequently, there is no prejudice to the Defendant based upon the release of the affidavit to the press and public, and there is no substantial probability that any compelling interest will be harmed by the unsealing of the affidavit. As stated by our Supreme Court, "public confidence cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *DePasquale*, 443 U.S. at 429.

C.  **The Grand Jury Material Released to the Defendant Should be Made Available to the Public**

Cowles has a qualified First Amendment right to access to judicial records. Grand jury records, when otherwise not disclosed, have typically been afforded secrecy. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979); *In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778 (9th Cir. 1982); *see also* Fed.R.Crim.P. 6(e). Ordinarily, a Defendant must make a request for grand jury material and demonstrate that "a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed.R.Crim.P. 6(e)(3)(E)(ii). In this case,

COWLES PUBLISHING COMPANY'S
MEMORANDUM TO INTERVENE
AND UNSEAL - 12

WITHERSPOON · KELLEY, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

however, the United States moved to disclose "documents subpoenaed by the grand jury and any and all grand jury transcripts to the Defendant and his attorney." (Dkt. No. 38, page 3). The Court ordered that the production be made. (Dkt. No. 44).

The Defendant will soon be in possession, if he is not already, of all of the relevant documents and testimony presented to the grand jury that led to his indictment in this matter. Once the grand jury documents are provided to the Defendant and his counsel, there is no longer any obvious justification to keep those materials shielded from the public.

The bottom line is that an individual has been charged with two serious federal crimes without any public explanation or analysis of the basis for the complaint or indictment. What steps did the authorities take in the investigation? What allowed them to narrow in on the Defendant six weeks after the explosive device was detected? What evidence was presented to the grand jury that allowed the United States to arrest and prosecute this particular individual? Without access to the sealed affidavit and grand jury materials that establish the basis for the charges against the Defendant, justice is being meted out behind closed doors – a process that is anathema to the long tradition of public access to and understanding of the criminal justice system in this country.

COWLES PUBLISHING COMPANY'S
MEMORANDUM TO INTERVENE
AND UNSEAL - 13

WITHERSPOON · KELLEY, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

## V. CONCLUSION

Cowles Publishing Company's motion to intervene should be Granted, the Affidavit for Complaint should be unsealed and the grand jury materials furnished to the Defendant pursuant to this Court's Order (Dkt. No. 44) should be made available to the public.

DATED this 1st day of April, 2011.

WITHERSPOON · KELLEY, P.S.

By: /s/ Leslie R. Weatherhead
Leslie R. Weatherhead, WSBA No. 11207
Steven J. Dixson, WSBA No. 38101
Attorneys for Cowles Publishing Company

COWLES PUBLISHING COMPANY'S
MEMORANDUM TO INTERVENE
AND UNSEAL - 14

WITHERSPOON · KELLEY, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

## CERTIFICATE OF SERVICE

1. I, Alicia Asplint, am a citizen of the United States and a resident of the State of Washington. I am over the age of 18 years and not a party to the within action. I am employed by the law firm of Witherspoon · Kelley, P.S., 422 W. Riverside Avenue, Suite 1100, Spokane, Washington.

2. On the 1st day of April, 2011, I caused to be served upon the parties via the CM/ECF filing system, Cowles Publishing Company's Memorandum Of Authorities In Support Of Its Motion To Intervene And Unseal The Affidavit For Complaint and Grand Jury Materials, which system will send notification of such filing to the following:

> Roger Peven
> Kimberly Deater
> Kailey E. Morgan
> Federal Defenders of Eastern
> Washington and Idaho
> 10 North Post, Suite 700
> Spokane, WA 99201
> *Attorneys for Defendant*
>
> Joseph H. Harrington
> U.S. Attorney's Office – SPO
> 920 W. Riverside, Suite 300
> Spokane, WA 99210-1494
> *Attorney for Plaintiff*
>
>     / s/ Alicia Asplint
> Alicia Asplint, Legal Assistant

COWLES PUBLISHING COMPANY'S
MEMORANDUM TO INTERVENE
AND UNSEAL - 15

WITHERSPOON · KELLEY, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U S BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265