UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

KEVIN HARPHAM,

   Defendant.

NO. CR-11-042-JLQ

**ORDER RE: APRIL 7, 2011 PRETRIAL HEARING**

    A Pretrial Conference was held in this matter on April 7, 2011. Defendant Kevin William Harpham was present and represented by Roger Peven and Kailey Moran. Assistant United States Attorney Joseph Harrington appeared on behalf of the Government. Also present was Jeff Humphrey of KXLY-TV who had filed a Motion to Unseal (ECF 43). Steven Dixson appeared on behalf of Cowles Publishing Company who had also filed a Motion to Unseal (ECF 46). This order is intended to memorialize and supplement the oral rulings of the court.

**I. Motions**

    Before the court at the pretrial hearing were four motions: the Government's Motion for Reconsideration of a prior discovery Order (ECF 40); Jeff Humphrey's Motion to Unseal (ECF 43); and Cowles Publishing's Motion to Unseal and request for expedited hearing thereon (ECF 46 & 50).

    The Government's Motion for Reconsideration (ECF 40) expressed concern that the court's prior Order (ECF 36) directing it to "forthwith" provide certain discovery materials required that such materials be provided within 24 hours. Such is not the case. Forthwith means to provide immediately, or without unnecessary delay. The Government is to promptly provide the materials, as directed in the Order, when such

ORDER - 1

materials are in the Government's possession or readily available to it. The Order (ECF 36) did not require that the Government complete all discovery within 24 hours. With that clarification, the Government's's Motion (ECF 40) is **DENIED**.

Cowles Publishing's Motion for Expedited Hearing (ECF 50) is **GRANTED**. As to the merits of the Motions to Unseal (ECF 43 & 46) filed by Cowles Publishing and Mr. Humphrey, the court has now reviewed the sealed documents. The Government opposes the Motions to Unseal arguing that the Government's investigation in ongoing and that unsealing the documents may cause prejudicial pretrial publicity. The Defendant did not file a written response to the Motions to Unseal, but Mr. Peven, on behalf of Mr. Harpham, did not object to the documents remaining under seal. The Defendant shares the court's concern with the potential for prejudicial pretrial publicity.

Mr. Humphrey's Motion to Unseal (ECF 43), prepared *pro se*, appears to seek access to the affidavits in support of the search warrants issued in this case. The Cowles' Motion to Unseal (ECF 46) seeks access to the affidavit in support of complaint and to the grand jury materials. "Of course, there is no right of access which attaches to all judicial proceedings, even all criminal proceedings." *Phoenix Newspapers, Inc. v. United States District Court,* 156 F.3d 940, 946 (9th Cir. 1998). Rather, the press possesses a "qualified" right of access under the First Amendment. See *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1 (1986). Certain categories of documents historically enjoy no right of access. See *Times Mirror Co. v. United States*, 873 F.2d 1210, 1213-14 (9th Cir. 1989)("We know of no historical tradition of public access to warrant proceedings."). Even after a warrant is served, the Government may request that the materials be kept sealed, and courts have traditionally been "highly deferential to the government's determination that a given investigation requires secrecy and that warrant materials be kept under seal." *Id.* at 1214. Grand jury proceedings are another area that is traditionally not open to the public. See *Press-Enterprises*, 478 U.S. at 10 ("grand jury proceedings have traditionally been closed to the public and the accused."); see also *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)("A narrow range of

ORDER - 2

documents is not subject to the right of public access at all because the records have traditionally been kept secret for important policy reasons. Our case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation.").

The status of this case is post-indictment, however the Government has in its briefing and at oral argument stated that the investigation is ongoing and has filed an affidavit of an FBI Special Agent. When an investigation is ongoing the same principals which favor secrecy at the pre-indictment stage are still present.

In addition to the concerns regarding an ongoing investigation, this court has in mind that the First Amendment right of the press is "qualified" and that right of a defendant to a fair trial is paramount. Some courts have stated that "no right ranks higher than the right of the accused to a fair trial." *In re Globe Newspaper*, 729 F.2d 47, 52 (1st Cir. 1984). In order to protect the rights of the accused, this court has an "affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity" and "may surely take protective measures even when they are not strictly and inescapably necessary." *Id.* at 53.

The court has reviewed the documents and they contain information that would not be admissible at trial such as hearsay and hearsay upon hearsay statements of persons without personal knowledge of matters reported. Release of this information could adversely impact the Defendant's right to a fair trial. This court finds that keeping the documents at issue under seal pending trial serves the compelling interests of effective law enforcement (as the Government contends the investigation is ongoing and requests the documents remain under seal) and serves the compelling interest of the Defendant to a fair trial by minimizing adverse pretrial publicity. There is a substantial probability that unsealing the documents at this time would harm those compelling interests. The court finds that lesser alternatives to closure, would at this time, not adequately protect those compelling interests. Accordingly, the Motions to Unseal are denied.

## II. Discovery

A. ***Status of Discovery***.  The status of discovery was discussed with counsel for the parties.  Counsel for both sides indicated that they have had productive discussions concerning discovery.  Mr. Harrington indicated that many pages of discovery had been provided as of the hearing date, and that numerous additional pages were expected to be produced during the week of April 11, 2011.  Additionally, Mr. Harrington reported that some items are still at FBI laboratories for testing, and those test results will be produced to counsel for the Defendant as they become available. The Government has also filed a "Request for Discovery" (ECF 31) from Defendant, and Mr. Peven indicated that he intends to comply with the discovery requirements of Fed.R.Crim.P. 16.

B. ***Timing.*** The Government shall continue to fulfill its discovery obligations and promptly provide complete discovery.  Delay by the Government in the furnishing of all information giving rise to the arrest and/or indictment of a Defendant interferes with the ability of the attorney for the Defendant to evaluate and investigate the validity of the charge(s), the evidence in support of or contrary to the charge(s), and the testimony of Government witnesses and others with knowledge of the case. Delays in the furnishing of such information inhibit the ability of counsel to discuss those matters with their clients.

C. ***Exculpatory/Impeachment Evidence***.

Upon entry of this Order the Government shall provide all now available and subsequently received *Brady*, 373 U.S. 83 (1963), *Giglio*, 405 U.S. 150 (1972), and *Henthorn*, 931 F.2d 29 (9th Cir. 1991) material to counsel for the Defendant and shall forthwith furnish any such additional information when received. Counsel for the Government shall inquire of the United States' witnesses and any other federal, state, or local officers involved in this matter as to their knowledge of any impeachment, *Henthorn*, *Giglio* and/or *Brady-type* information pertaining to any government witness, including any informant.  Such inquiry shall include, but not be limited to, any information in the witnesses' files. The Government shall provide the results thereto to counsel for the Defendants or in the alternative, to the court for its in camera review.

ORDER - 4

Counsel for the Government shall conduct or direct the *Henthorn* search of the personnel files of the United States' witnesses and any other federal, state, or local officers witnesses and provide the results thereof to counsel for Defendant upon receipt, but in any event, not later than ten days prior to trial. If the Government is uncertain whether any information is *Henthorn* material, it shall be submitted to the court in camera for a ruling.

Counsel for the Government shall abide by this court's so-called "Cikutovich Rule," so-named by reason of the failure of the Government in a prior case in this district to disclose impeachment information as to an informant within the knowledge of a Government agent, but not in the informant's file. *See reference in, United States v. Lopez*, 577 F.3d 1053, 1057 (9th Cir. 2009). Pursuant to this rule, counsel for the Government shall inquire of the United States' witnesses and any other federal, state, or local officers involved in this matter as to their knowledge of any impeachment or *Brady*-type information pertaining to any government witness, including any informant whether such information is contained in a document or known to such officers. Such inquiry shall include, but not be limited to any information in the witnesses' files. Counsel shall provide the results thereto to counsel for the Defendants or in the alternative, to the court for its review if an in camera submittal is needed for a court ruling.

D. **Jencks Material**. Counsel for the Government is encouraged to forthwith provide all Jencks Act material to counsel for the Defendant upon entry of this Order and shall do so forthwith if it contains *Brady* or *Giglio* material.

E. **Witness Information**. As soon a practicable, and no later than ten days prior to trial, the Government shall disclose a finalized list of witnesses, including informants (with the exception of witnesses intended solely for the authentication of documents). *U.S. v. Grace*, 526 F.3d 499 (9th Cir. 2008). Upon receipt of the Government's list of witnesses, counsel for the Defendants shall serve and file its list of witnesses.

Counsel shall email witness lists to QuackenbushOrders@waed.uscourts.gov for

ORDER - 5

use by the court in jury selection and shall therein provide the name of the witness, city of residence, and nature of employment, if any. Counsel shall then electronically file a Notice of Compliance with this requirement.

Upon request, counsel for the Government shall make any informant witnesses available for interview by counsel for the Defendants, but in any event, at least ten days prior to trial. The Government's use of witnesses in its case-in-chief will be limited to those witnesses who were timely disclosed, unless there is good cause shown to delay the disclosure of a witness and court permission is obtained prior to the disclosure deadline.

F. **Transcripts**. The Government shall furnish to counsel for the Defendants copies of transcripts, if any, it proposes to utilize with tape recordings to be played at trial no later than ten days prior to trial. Any objections to the accuracy or use of such transcripts shall be filed by the Defendant within **seven (7)** days of receipt.

**IT IS HEREBY ORDERED**:

1. The Government's Motion for Reconsideration (ECF 40) is DENIED.

2. Cowles Publishing's Motion to Expedite (ECF 50) is GRANTED.

3. The Motions to Unseal (ECF 43 & 46) filed by Cowles Publishing and Jeff Humphrey are DENIED, for the reasons set forth herein and reasons stated at the hearing on this matter.

4. All pretrial dates and the trial date remain as set in the court's Scheduling Order (ECF 24).

**IT IS SO ORDERED**:

The District Court Executive is directed to enter this order and to provide copies to counsel, Jeff Humphrey at KXLY-TV, counsel for Cowles Publishing, the U.S. Probation Office, the U.S. Marshal, and the Jury Administrator.

**DATED** this 21stday of April, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6