UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN WILLIAM HARPHAM,<br><br>Defendant. | No. 11-CR-042-JLQ<br><br>MEMORANDUM RE:<br>FEDERAL RULE of CRIMINAL<br>PROCEDURE 4(c)(3) |

On July 21, 2011, the court heard testimony and argument on the Defendant's Motion To Suppress statements, if any, made by the Defendant after his arrest but, *inter alia,* without compliance by the arresting Agents with Federal Rule of Criminal Procedure 4(c)(3)(A) which requires in part that:

> Upon arrest an officer possessing the warrant must show it to the defendant. If the officer does not possess the warrant, the officer must inform the defendant of the warrant's existence and of the offense charged and, at the defendant's request, must show the warrant to the defendant as soon as possible.

The testimony of F.B.I. Agent Joseph Cleary was clear that to his knowledge neither he, Agent Butler, nor any other Government agent complied with this Rule nor did any member of the arrest squad. The parties have submitted the Supplemental Memoranda allowed by the court.

It was not disputed by the Government that the Defendant was arrested on March 9, 2011 at 8:30 a.m. and that the he was not read the arrest warrant in the possession of Agents Clearly and Butler at any time thereafter nor despite the Defendant being under arrest and in custody from 8:30 a.m. he was not given the warnings required by *Miranda v. Arizona,* 384 U.S. 436 (1966) until approximately 11 a.m. The court has previously

ORDER - 1

found that the Defendant was subjected to the functional equivalent of interrogation prior to being given his *Miranda* rights.   Also before the court is the issue of the delay of the Agents in taking the Defendant "without unnecessary delay" before a federal magistrate or state court judicial officer as required by Federal Rule of Criminal Procedure 5(a)(1)(A).

Of concern to the court is the position taken by the Government in its Supplemental Briefing (ECF No. 128) in response to the court's concern as to the failure to advise Harpham of the reason for his arrest or to read him the arrest warrant in the possession of F.B.I. Agents Butler and Cleary.  The testimony of Agent Cleary was specific that to his knowledge Harpham was not advised of the reason for his arrest or of the content of the arrest warrant as required by Rule 5.  The clear statement of Agents Butler and Cleary in the F.B.I. 302 report was that Harpham asked why he was in custody and the Agents informed Harpham that "this would be discussed later . . ."  No evidence, in fact, exists that would even suggest that Harpham was informed of the reason for his arrest or the content of the arrest warrant in the possession of the Agents until 11 a.m.

Despite these statements and testimony of the Agents, counsel for the Government, in the Supplemental briefing, failed to acknowledge these clear facts and, instead, referenced footnote 1 of ECF No. 128 which stated: "Significantly, Defendant claims he was 'informed that he was under arrest for the incident at the MLK parade in Spokane . . .'" citing to the Memorandum of counsel for the Defendant in Support of Motion To Suppress (ECF No. 85, page. 3).  Obviously, this language in a Memorandum by counsel for the Defendant was not a statement by or claim by the individual Defendant, but that of counsel.  Counsel for the Defendant suggests that the true facts concerning the lack of advice was not made known to them until the July 21, 2011 testimony of Agent Cleary. Whatever the basis for the language in the cited defense Memorandum, whether lack of identification of the issue or inartful pleading, matters such as those before the

ORDER - 2

court involve a search for the truth.  The court has before it the testimony of F.B.I. Agent Cleary that neither he nor Agent Butler advised Harpham of the reason for his arrest. The court found Agent Cleary to be a credible witness.

The court will address the foregoing concerns and hear from counsel on the suppression motion at the hearing on Friday, August 12, 2011.

The Clerk shall enter this Memorandum and furnish copies to counsel.

Dated this 10th day of August, 2011.

                s/ Justin L. Quackenbush
              JUSTIN L. QUACKENBUSH
   SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3