1   Michael C. Ormsby
    United States Attorney
2   Eastern District of Washington
    Joseph H. Harrington
3   Thomas O. Rice
    Assistant United States Attorneys
4   Post Office Box 1494
    Spokane, WA 99210-1494
5   Telephone: (509) 353-2767

6   Thomas E. Perez
    Assistant Attorney General
7   Civil Rights Division
    Christopher Lomax
8   Trial Attorney, Civil Rights Division
    United States Department of Justice

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 07 2011

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

9

10                  UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON
11

12  UNITED STATES OF AMERICA,          )
13                    Plaintiff,        )
                                        )      CR-11-042-JLQ
14        vs.                           )
                                        )      Plea Agreement
15  KEVIN WILLIAM HARPHAM,              )
                                        )
16                    Defendant.        )

17

18        Plaintiff, United States of America, by and through Michael C. Ormsby,

19  United States Attorney for the Eastern District of Washington, and Joseph H.

20  Harrington and Thomas O. Rice, Assistant United States Attorneys for the Eastern

21  District of Washington, Thomas E. Perez, Assistant Attorney General, Civil Rights

22  Division, Christopher Lomax, Trial Attorney, Civil Rights Division, United States

23  Department of Justice, and Defendant KEVIN WILLIAM HARPHAM, and the

24  Defendant's counsel, Roger J. Peven, Kimberly A. Deater, and Kailey E. Moran,

25  agree to enter the following Plea Agreement:

26  //

27  //

28

    Plea Agreement- 1
    p10902jh jhh6.wpd

1.  Guilty Pleas and Maximum Statutory Penalties:

KEVIN WILLIAM HARPHAM agrees to plead guilty pursuant to **Fed. R. Crim. P. 11(c)(1)(C)** to Counts 1 and 3 of the Superseding Indictment, dated April 21, 2011.  Count 1 charges KEVIN WILLIAM HARPHAM with the Attempted Use of a Weapon of Mass Destruction, in violation of 18 U.S.C. § 2332a(a)(2). The Defendant understands this charge is a Class A felony offense that carries a maximum statutory penalty of: any term of years or life term of imprisonment; not more than a $250,000 fine; any term of years or life term of supervised release (*see* 18 U.S.C. § 3583(j)); and a $100 special penalty assessment.

Count 3 of the Superseding Indictment charges KEVIN WILLIAM HARPHAM with the Attempt to Cause Bodily Injury with an Explosive Device Because of Actual or Perceived Race, Color, and National Origin of Any Person, in violation of 18 U.S.C. § 249.  The Defendant understands this charge is a Class C felony offense that carries a maximum statutory penalty of:  not more than a ten-year term of imprisonment; not more than a $250,000 fine; not more than a three-year term of supervised release; and a $100 special penalty assessment.

2.  Consecutive Sentences and Violations of Supervised Release:

KEVIN WILLIAM HARPHAM  understands that the Court has the authority to impose consecutive sentences for each conviction on Count 1 and Count 3 of the Superseding Indictment, which sentences he would have to serve one after the other.  The Defendant also understands that a violation of a condition of supervised release carries an additional penalty of re-incarceration for all or part of the term of supervised release, without credit for time previously served on post-release supervision.

3.  The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject it. KEVIN WILLIAM HARPHAM understands: that sentencing is a matter solely within the discretion of the Court; that the Court is under no obligation to accept

Plea Agreement- 2
p10902jh jhh6.wpd

1  any recommendations made by the United States and/or by KEVIN WILLIAM
2  HARPHAM; that the Court will obtain an independent report and sentencing
3  recommendation from the U.S. Probation Office; that the Court may, in its
4  discretion, impose any sentence it deems appropriate consistent with the Rule
5  11(c)(1)(C) nature of this Plea Agreement.

6      Although KEVIN WILLIAM HARPHAM and the United States agree to
7  recommend that, pursuant to Fed. R. Crim. 11(c)(1)(C), the Court impose a term of
8  imprisonment within a range of twenty-seven (27) years to thirty-two (32) years,
9  to be followed by a life term of supervised release as the appropriate disposition of
10  this case, the Defendant acknowledges that no promises of any type have been
11  made to him with respect to the sentence the Court will ultimately impose in this
12  matter.  The Defendant understands that the Court is required to consider the
13  applicable Guidelines sentencing range, but may vary upward or downward from
14  that sentencing range in the exercise of the Court's discretion.

15      KEVIN WILLIAM HARPHAM acknowledges that this Plea Agreement is
16  entered  pursuant to Fed. R. Crim. 11(c)(1)(C).  The Defendant understands that he
17  has the option to withdraw from this Plea Agreement if the Court imposes greater
18  than a thirty-two (32) year term of imprisonment.  The Defendant also understands
19  that the United States has the option to withdraw from this Plea Agreement if the
20  Court  imposes less than a twenty-seven (27) year term of imprisonment or less
21  than a life term of supervised release.

22      KEVIN WILLIAM HARPHAM and the United States acknowledge that the
23  imposition of any fine, restitution, and conditions of supervised release are not
24  part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that in this connection
25  the parties are free to make any recommendation they deem appropriate; and that
26  the Court will exercise its discretion in this regard.

27

28

Plea Agreement- 3
p10902jh jhh6.wpd

4.    <u>Waiver of Constitutional Rights</u>:

KEVIN WILLIAM HARPHAM understands that by entering pleas of guilty he is knowingly and voluntarily waiving certain constitutional rights, including: (a.) the right to a jury trial; (b.) the right to see, hear and question the witnesses; (c.) the right to remain silent at trial; (d.) the right to testify at trial; and (e.) the right to compel witnesses to testify.

While KEVIN WILLIAM HARPHAM understands he is waiving certain constitutional rights, he also understands that he will retain the right to be assisted through the sentencing process and any direct appeal (if allowed by the terms of this agreement) by an attorney, who will be appointed at no cost if he cannot afford to hire an attorney.  KEVIN WILLIAM HARPHAM acknowledges that pending pretrial motions, if any, are waived.

5.    <u>Elements of the Offenses</u>:

KEVIN WILLIAM HARPHAM acknowledges and agrees that in order to be found guilty of Attempted Use of a Weapon of Mass Destruction, in violation of 18 U.S.C. § 2332a(a)(2), as charged in Count 1 of the Superseding Indictment, and the Attempt to Cause Bodily Injury with an Explosive Device Because of Actual or Perceived Race, Color, and National Origin of Any Person, in violation of 18 U.S.C. § 249, as charged in Count 3 of the Superseding Indictment, the United States must prove the following elements beyond a reasonable doubt:

**Count 1**
**(18 U.S.C. § 2332a(a)(2))**

First,        that on or about January 17, 2011 in the Eastern District of Washington,  KEVIN WILLIAM HARPHAM knowingly intended to use a weapon of mass destruction, that is (i) an explosive bomb or similar device, or (ii) any type of weapon which will, or may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has

Plea Agreement- 4
p10902jh jhh6.wpd

any barrel with a bore of more than one-half inch in diameter;
or (iii) any combination of parts intended for use in converting
any device into any destructive device and from which a
destructive device may be readily assembled; and

Second,     that KEVIN WILLIAM HARPHAM intended to do so against
a person or property within the United States and such property
was used in interstate or foreign commerce or in an activity that
affected interstate or foreign commerce, or the results of the
offense would have affected interstate or foreign commerce;
and

Third,      that KEVIN WILLIAM HARPHAM took a substantial step to
bring about or accomplish this intended act.

### Count 3
### (18 U.S.C. § 249)

First,      on or about January 17, 2011, in the Eastern District of
Washington,  KEVIN WILLIAM HARPHAM  intended to
cause bodily injury to a person or persons by use of an
explosive device; and

Second,     KEVIN WILLIAM HARPHAM did so because of the actual or
perceived race, color, or national origin of any person; and

Third,      KEVIN WILLIAM HARPHAM took a substantial step to bring
about or accomplish this intended act.

6.     Factual Basis and Statement of Facts:

KEVIN WILLIAM HARPHAM acknowledges and agrees that, in proving
the elements of the crimes to which he is pleading guilty, the United States can
establish the following facts beyond a reasonable doubt, that these facts constitute
an adequate basis for his pleas of guilty; and that for sentencing purposes, neither

Plea Agreement- 5
p10902jh jhh6.wpd

1  party is precluded from presenting additional facts and arguing the relevance of

2  the facts to the Sentencing Guidelines computation or to sentencing generally,

3  unless otherwise prohibited by this Plea Agreement:

4        On January 17, 2011, at approximately 9:30 a.m., an improvised explosive

5  device (IED) was discovered at the Northeast corner of Main and Washington

6  Streets in Spokane, Washington, prior to, and along the planned route of, the

7  Martin Luther King Jr. Day Unity March.  The IED, contained within a backpack,

8  consisted of a steel pipe approximately 6 inches long with a 3 inch diameter, itself

9  containing a charge and shrapnel (ie: fishing weights with a coating containing

10  brodifacoum, an anticoagulant and an active ingredient within some rodenticides),

11  all enclosed within a wooden box and a powering/triggering system.  The steel

12  pipe was welded onto a steel base plate (similar to a mortar tube) and had a 0.25"

13  inch hole near the base of the steel pipe.  Two insulated wires lead through the

14  approximately 0.25" in diameter hole and connected to a model rocket igniter

15  (MRI), inserted into the main charge. The main charge was chemically identified

16  by the FBI laboratory as being a low explosive black powder.  There were

17  approximately 100 grams of the black powder, contained in a plastic bag, inside

18  the steel pipe.  Components of the IED's triggering / powering system were also

19  inside the backpack.  The triggering system consisted of an Audiovox remote car

20  starter/alarm receiver, which could receive a signal from a remote matching

21  transmitter/key fob.  The car starter/alarm receiver was powered by two 6 volt

22  Rayovac lantern batteries.

23        If detonated at the proper time, the IED would have expelled the fishing

24  weights as shrapnel into the march participants as they passed by, causing bodily

25  injury, and into the public street and nearby businesses, causing property damage

26  all of which would have resulted in the disruption of interstate commerce.

27        The Eye Care Center, a general optometry business located on the Southeast

28  corner of Main and Washington Streets buys, sells, and uses items obtained from

Plea Agreement- 6
p10902jh jhh6.wpd

1  several distributors located outside the State of Washington.  In addition the

2  business was closed for 3-4 hours on January 17, 2011, and appointments were

3  canceled, as a result of law enforcement's discovery of the backpack containing

4  the IED.  If detonated, the IED would have caused damage to and disrupted this

5  business operating in interstate commerce.

6          Hill's Restaurant, a restaurant and bar located on the Southwest  corner of

7  Main and Washington Streets buys, sells, and uses items obtained from nationwide

8  distributors located outside the State of Washington.  According to the owner of

9  Hill's Restaurant, business noticeable declined the two days following January 17,

10  2011, which he attributes to the discovery of the backpack containing the IED. If

11  detonated, the IED would have caused damage to and disrupted this business

12  operating in interstate commerce.

13          The Martin Luther King Jr. Day Unity March is an annual event held in

14  Spokane in January on Martin Luther King Jr. Day.  This year, the march was

15  attended by of what was estimated to be about 2,000 supporters of community

16  harmony and unity and was attended by numerous individuals of various races,

17  including African-Americans.

18          The FBI investigation revealed several items of evidence leading to

19  establishing Kevin William Harpham as the suspect responsible for the building

20  and placement of the IED.  The FBI located quarter ounce fishing weights similar

21  to those used in the IED, sold in packs of 10, for sale at the Wal Mart store in

22  Colville, Washington.   Based on an FBI analysis of information provided by

23  Wal-Mart relating to the sales of such weights at 72 Wal Mart stores in the Pacific

24  Northwest during October 30, 2010 and January 25, 2011, the Wal Mart store in

25  Colville, Washington had an unusually high amount of the weights sold during a

26  one week period in November, 2010.

27          a.     On November 1, 2010, 40 weights (4 packs of fishing weights), Kraft

28                 brand Jet Puffed Marshmallow Creme, vitamin D milk, a few food

Plea Agreement- 7
p10902jh jhh6.wpd

1            items, and a Farberware-brand food chopper were purchased with
2            cash.
3     b.      On November 3, 2010, 60 weights (6 packs of fishing weights) were
4            purchased with cash.
5     c.      On November 7, 2010, 30 weights (3 packs of fishing weights), Kraft
6            brand jet Puffed Marshmallow Crème, and vitamin D milk were
7            purchased using a bank card subsequently determined through FBI
8            investigation of bank records to have been issued to Kevin William
9            Harpham.

In total, the three above-described purchases totaled 130 weights, whereas 128 weights were located in the IED. Kevin Harpham made all three of these purchases.

Analysis by the FBI Laboratory revealed the presence of nuclear DNA from three or more individuals on the handle and shoulder straps of the black backpack. The nuclear DNA obtained from Kevin Harpham was compared to these nuclear DNA samples and Harpham was identified as potentially the major contributor -- the FBI Laboratory advised the random match probabilities are 1 in 10 million from the Caucasian population, with a confidence interval between 1 in 1 million and 1 in 100 million.

On November 15, 2010, Kevin Harpham purchased a Panasonic Lumix model DMC ZS7 digital camera. This camera was seized during the search of his home in early March. The camera contained several dozen deleted photographs of the January 17, 2011, Martin Luther King, Jr. Unity March, including some photos Kevin Harpham took of himself, while at the march. Additionally, the Spokane Convention Center security camera as well as KREM-2 news took videotape recordings of the march participants, including photos of Kevin William Harpham.

Plea Agreement- 8
p10902jh jhh6.wpd

1    Kevin Harpham purchased the Audiovox Prestige APS620 car remote
2    starter used in the IED, from VM Innovations on October 26, 2010, over the
3    Internet.
4            Online open source searches related to Kevin Harpham identified an
5    individual using the online moniker "Joe Snuffy" for postings on the website
6    www.vnnforum.com, the Vanguard News Network Forum, which is a known
7    white supremacist website.  Kevin Harpham used the moniker "Joe Snuffy" to post
8    racist comments and his racist beliefs on the forum from approximately 2005.
9    Kevin William Harpham has told others about his racist beliefs and is a white
10   supremacist and white separatist.  Kevin Harpham built and placed the IED at the
11   March because of the actual or perceived race, color, or national origin of people
12   marching, with the intent to cause bodily injury to the person or persons in order to
13   further his racist beliefs.
14           7.    Waiver of Inadmissibility of Statements:
15           KEVIN WILLIAM HARPHAM agrees that, if he withdraws either of his
16   guilty pleas for reasons other than the Court's rejection of this Plea Agreement, he
17   waives the inadmissibility of statements, if any, made in the course of plea
18   discussions with the United States, pursuant to Fed. R. Crim. P.11(f).  The
19   Defendant agrees further that any such inadmissible statements also include those
20   statements made at the change of plea hearing to establish facts sufficient for the
21   Court to accept his pleas of guilty.  The Defendant agrees that this waiver permits
22   the United States to move for the introduction into evidence of any such
23   inadmissible statements in its case-in-chief.  KEVIN WILLIAM HARPHAM and
24   the United States agree, however, that this provision is inapplicable if either party
25   withdraws from this Plea Agreement in accordance with the Rule 11(c)(1)(C)
26   parameters contained herein.
27           8.    United States Agrees To File No Additional Charges:
28           The United States Attorney for the Eastern District of Washington agrees to

Plea Agreement- 9
p10902jh jhh6.wpd

1  file no additional charges against KEVIN WILLIAM HARPHAM based on

2  information in the United States' possession at the time of this Plea Agreement

3  and arising out of the Defendant's conduct involving the illegal activity charged in

4  the Superseding Indictment, unless KEVIN WILLIAM HARPHAM breaches this

5  Plea Agreement any time before or after sentencing.

6       9.   <u>United States Agrees To Dismiss Counts 2 and 4</u>:

7       The United States Attorney for the Eastern District of Washington agrees to

8  move for the dismissal of Counts 2 and 4 at the sentencing hearing.  Count 2

9  charges KEVIN WILLIAM HARPHAM with Possession of an Unregistered

10 Destructive Device, in violation of 26 U.S.C. § 5861(d).  Count 4 charges KEVIN

11 WILLIAM HARPHAM with Using a Firearm (defined as a destructive device) in

12 Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(B)(ii).

13      10.   <u>United States Sentencing Guidelines</u>:

14      KEVIN WILLIAM HARPHAM and the United States acknowledge that the

15 final Sentencing Guidelines calculations will be determined by the Court, with

16 input from the United States Probation Office. KEVIN WILLIAM HARPHAM

17 and the United States  reserve the right to advise the Court and the United States

18 Probation Office about the law and facts applicable to any sentencing issues.

19          (a.)   *Base Offense Level*

20      KEVIN WILLIAM HARPHAM and the United States agree that the base

21 offense level is 28.  *See* U.S.S.G. § 2M6.1(a)(2).

22          (b.)   *Specific Offense Characteristics*

23      The United States contends that the offense was tantamount to attempted

24 murder resulting in an increase in the base offense level to 33 by way of a cross

25 reference to U.S.S.G. § 2A2.1(a)(1).  *See* U.S.S.G. § 2M6.1(c)(2).  An upward

26 departure may be warranted since the offense created a substantial risk of death or

27 serious bodily injury to more than one person.  *See* U.S.S.G. § 2A2.1, comment.

28 (n.2).

Plea Agreement- 10
p10902jh jhh6.wpd

(c.)    *Adjustments to Offense Level*

KEVIN WILLIAM HARPHAM and the United States agree that the offense level should be increased three levels because the intended victims were selected based on the actual or perceived race, color, religion national origin, or ethnicity of any person. *See* U.S.S.G. § 3A1.1(a).

(d.)    *Terrorism Adjustment Inapplicable*

KEVIN WILLIAM HARPHAM and the United States agree that the terrorism adjustment, which provides for an additional 12 level increase in the adjusted offense level and an automatic increase in the criminal history to category VI, is inapplicable because the offense was not calculated to retaliate against government conduct or to influence or affect the conduct of government by intimidation or coercion. *See* U.S.S.G. § 3A1.4(a) and (b). The United States contends that an upward departure would be warranted where the motive was to intimidate or coerce a civilian population. *See* U.S.S.G. § 3A1.4, comment. (n.4). Such upward departure shall not exceed the top of the guideline range that would have resulted if the adjustment under this guideline would have applied. *Id.*

(e.)    *Multiple Count Adjustment (Grouping)*

Since the offense level for the civil rights crime, Count 3, is the offense guideline applicable to the underlying offense (*see* U.S.S.G. § 2H1.1(a)(1)), and is supported by the very same "act or transaction" as Count 1, the counts are grouped for purposes of the Guidelines computation. *See* U.S.S.G. § 3D1.2(a). Accordingly, there are no further multiple count adjustments.

(f.)    *Acceptance of Responsibility*

If KEVIN WILLIAM HARPHAM pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for his criminal conduct, provides complete and accurate information during the sentencing process, and does not commit any obstructive conduct, the United States will recommend a two-level reduction of his adjusted offense level for

Plea Agreement- 11
p10902jh jhh6.wpd

acceptance of responsibility and move for a one-level reduction for timely entering a plea of guilty. *See* U.S.S.G. § 3E1.1(a) and (b). As a condition of this recommendation, KEVIN WILLIAM HARPHAM agrees to pay each of the $100 mandatory special penalty assessments (*see* 18 U.S.C. § 3013(a)(2)(A)) to the Clerk of the Court for the Eastern District of Washington, at or before sentencing, in accordance with the terms set forth below. *See infra.* Furthermore, KEVIN WILLIAM HARPHAM and the United States agree that the United States may, at its option and upon written notice to KEVIN WILLIAM HARPHAM, not recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, he is charged with or convicted of any criminal offense whatsoever and/or if he tests positive for any controlled substance.

(g.) *Criminal History*

KEVIN WILLIAM HARPHAM and the United States understand that the Defendant's criminal history computation will be determined by the Court, based on input from the United States Probation Office and the Presentence Investigation Report. KEVIN WILLIAM HARPHAM and the United States acknowledge they have made no agreement and have made no representations as to his Criminal History Category.

11.   Incarceration:

KEVIN WILLIAM HARPHAM and the United States agree to recommend that, pursuant to Fed. R. Crim. 11(c)(1)(C), a term of imprisonment within a range of twenty-seven (27) and thirty-two (32) years, to be followed by a life term of supervised release, is an appropriate disposition of this case. The Defendant understands and acknowledges that the United States will argue that the Court should impose a thirty-two (32) year term of incarceration and the United States understands and acknowledges that the Defendant will argue that the Court should impose a twenty-seven (27) year term of incarceration.

Plea Agreement- 12
p10902jh jhh6.wpd

12.    <u>Criminal Fine</u>:

KEVIN WILLIAM HARPHAM and the United States reserve the right to make whatever recommendation they feel is appropriate concerning the imposition of a criminal fine.

13.    <u>Conditions of Supervised Release</u>:

KEVIN WILLIAM HARPHAM and the United States agree to recommend that the Court impose a life-term of supervised release. The parties reserve the right to make whatever recommendation they feel is appropriate concerning the specific conditions of supervised release.

14.    <u>Mandatory Special Penalty Assessment</u>:

KEVIN WILLIAM HARPHAM agrees to pay each of the $100 mandatory special penalty assessments (*see* 18 U.S.C. § 3013(a)(2)(A)) to the Clerk of the Court for the Eastern District of Washington, at or before sentencing, and will provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to the recommendation by the United States for a reduction in offense level to reflect timely acceptance of responsibility.

15.    <u>Additional Violations of Law Can Void Plea Agreement</u>:

KEVIN WILLIAM HARPHAM and the United States agree that the United States may at its option and upon written notice to KEVIN WILLIAM HARPHAM, withdraw from this Plea Agreement or renegotiate its recommendation for sentence if, prior to the imposition of sentence, he is charged or convicted of any criminal offense whatsoever and/or if he tests positive for any controlled substance.

16.    <u>Appeal Rights</u>:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any condition of supervised release or fine. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence,

Plea Agreement- 13
p10902jh jhh6.wpd

1  including a motion pursuant to 28 U.S.C. § 2255, except one based upon
2  ineffective assistance of counsel based on information not now known by
3  Defendant and which, in the exercise of due diligence, could not be known by
4  Defendant by the time the Court imposes the sentence.  Should the Defendant
5  successfully move to withdraw from this Plea Agreement or should the Defendant's
6  conviction on Counts 1 or 3 of the Superseding Indictment be dismissed, set aside,
7  vacated, or reversed, this Plea Agreement shall become null and void; the United
8  States may move to reinstate all counts of Superseding Indictment No. 11-CR-042-
9  JLQ; and the United States may prosecute the Defendant on all available charges
10 involving or arising out of this investigation and make direct and derivative use of
11 any statements or information he has provided.  Nothing in this Plea Agreement
12 shall preclude the United States from opposing any post-conviction motion for a
13 reduction of sentence or other attack of the conviction or sentence.
14        17.    <u>Integration Clause</u>:
15        The United States and KEVIN WILLIAM HARPHAM acknowledge that the
16 above-stated terms and conditions constitute the entire plea agreement between the
17 parties and deny the existence of any other terms or conditions not stated herein.
18 The parties agree this Plea Agreement is binding only upon the United States
19 Attorney's Office for the Eastern District of Washington, and cannot bind other
20 federal, state or local authorities, except to the extent provided herein.  The
21  parties also agree that this agreement cannot be modified except in a writing that is
22 signed by the parties.
23 //
24 //
25 //
26 //
27 //
28

Plea Agreement- 14
p10902jh jhh6.wpd

1
2                        Approvals and Signatures
3        Agreed and submitted on behalf of the United States Attorney's Office for
   the Eastern District of Washington.
4
5
6   Michael C. Ormsby                              September 7, 2011
    United States Attorney                              Date
7
8                                                  9/7/11
    Joseph H. Harrington                               Date
9   Assistant United States Attorney
10                                                 9.7.11
11  Thomas O. Rice                                     Date
    Assistant United States Attorney
12
13  Thomas E. Perez
    Assistant Attorney General
14  Civil Rights Division
15
                                                   9/7/2011
16  Christopher Lomax                                  Date
    Trial Attorney, Civil Rights Division
17  United States Department of Justice
18
19
20
21
22       I have read this Plea Agreement and have carefully reviewed and discussed
23  every part of the agreement with my attorneys.  I understand and voluntarily enter
    into this Plea Agreement.  Furthermore, I have consulted with my attorney about
24  my rights, I understand those rights, and I am satisfied with the representation of
25  my attorney in this case.  No other promises or inducements have been made to me,
26  other than those contained in this Plea Agreement and no one has threatened or
27
28
    Plea Agreement- 15
    p10902jh jhh6.wpd

1  forced me in any way to enter into this Plea Agreement.  I am agreeing to plead

2  guilty because I am guilty.

3

4  _____                    _____9/7/11_____

5  Kevin William Harpham                              Date
   Defendant

6

7        I have read the Plea Agreement and have discussed the contents of the

8  agreement with my client.  The Plea Agreement accurately and completely sets

9  forth the entirety of the agreement between the parties.  I concur in my client's

10 decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason

11 why the Court should not accept the Defendant's pleas of guilty.

12

13 _____                    _____9-7-11_____

14 Roger J. Peven                                     Date
   Attorney for the Defendant

15

16 _____                    _____9/7/11_____

17 Kimberly A. Deater                                 Date
   Attorney for the Defendant

18

19 _____                    _____9.7.11_____

   Kailey E. Moran                                    Date
20 Attorney for the Defendant

21

22

23

24

25

26

27

28

   Plea Agreement- 16
   p10902jh jhh6.wpd