Michael C. Ormsby
United States Attorney
Eastern District of Washington
Joseph H. Harrington
Assistant United States Attorney
Thomas O. Rice
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 11-CR-042-JLQ |
| vs. ) | |
| ) | United States' Sentencing |
| KEVIN WILLIAM HARPHAM, ) | Memorandum |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Joseph H. Harrington and Thomas O. Rice, Assistant United States Attorneys for the Eastern District of Washington, respectfully submits the following sentencing memorandum.

## INTRODUCTION

On April 22, 2011, the grand jury returned a four-count Superseding Indictment charging the Defendant with the Attempted Use of a Weapon of Mass Destruction, in violation of 18 U.S.C. § 2332a(2) (Count 1); Possession of an Unregistered Destructive Device, in violation of 26 U.S.C. § 5861(d) (Count 2); Attempt to Cause Bodily Injury With an Explosive Device Because of Actual or Perceived Race, Color, or National Origin of a person, in violation of 18 U.S.C. §

United States' Sentencing Memorandum - 1
P11123JJ.JHA.Harpham.wpd

249 (Count 3); and Use of a Firearm (a destructive device) in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(B) (Count 4).  The Defendant entered a Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) and  pleaded guilty to Counts 1 and 3.  The Plea Agreement provides, *inter alia*, a binding sentencing range of 27 to 32 years along with a life term of supervised release.  By Order, dated November 9, 2011, this Court accepted the Plea Agreement.

The United States strongly recommends that this Court impose a sentence of 32 years of incarceration.

## DISCUSSION

Generally, a sentencing court must engage in a two-step process when imposing a sentence.  The first step requires a court to calculate properly the advisory Guidelines sentencing range.  *See United States v. Cantrell*, 433 F.3d 1269, 1279-80 (9th Cir. 2006).  The second step requires a sentencing court to impose a "reasonable" sentence in light of all the factors under 18 U.S.C. § 3553(a).  *See United States v. Marcial-Santiago*, 447 F.3d 715, 717 (9th Cir. 2006).

**A.    Step One: The Guidelines Range is Supplanted by the Agreed Sentence**

The United States Probation Office has prepared an amended Presentence Investigation Report ("PSR") and an Addendum, both dated November 21, 2011. It appears the PSR is complete and accurate.  Neither the Defendant nor the United States have an objection to the Guidelines calculation.[1]

The PSR calculates the Defendant's adjusted offense level as being 36. PSR ¶¶ 43-52.  With a three-level reduction for his timely acceptance of

---

[1]    The Defendant noted minor objections to four statements contained in the offense conduct portion of the PSR, which objections have been noted and/or addressed in the amended report.

United States' Sentencing Memorandum - 2
P11123JJ.JHA.Harpham.wpd

responsibility (PSR ¶¶ 53-54), the Defendant's total offense level is correctly calculated as being 33. PSR ¶ 57.

As noted in the PSR, the Defendant's criminal history category is I. PSR ¶ 62. Hence, his advisory Guidelines sentencing range is 135 to 168 months (PSR ¶ 98) and up to a life term of supervised release (PSR ¶ 100). The Guidelines also provide, however, that upward departures may be appropriate where, as here, the offense(s) created a substantial risk of death or serious bodily harm to more than one person and if the motive behind the offense(s) was to intimidate or coerce a civilian population. (PSR ¶¶ 112, 113).

As noted in the amended PSR, the parties have agreed (and the Court has accepted) a binding sentencing range of 27-32 years, along with a life term of supervised release. PSR ¶ 99.

**B.    Step Two: Consideration of the Factors Under 18 U.S.C. § 3553**

When fashioning an appropriate sentence, a court must not only considered the advisory Guidelines, but must consider the factors identified in 18 U.S.C. § 3553(a).[2] The factors a sentencing must consider are the nature and circumstances of the offense and the history and characteristics of the defendant. The sentencing court must also consider, *inter alia*, the need for the sentence imposed to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; afford adequate deterrence to criminal conduct; protect the public

---

[2]    "This requirement does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence ." *See United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006). *See also Rita v. United States*, 551 U.S.338 , 127 S.Ct. 2456, 2462 (2007).

United States' Sentencing Memorandum - 3
P11123JJ.JHA.Harpham.wpd

1  from further crimes of the defendant; provide the defendant with needed
2  educational training, medical care, or other correctional treatment.
3      In the matter *sub judice*, the relevance of the factors identified in 18 U.S.C.
4  § 3553(a) is to determine an appropriate sentence within the agreed sentencing
5  range of 27-32 years.  The United States respectfully and strongly recommends
6  that the appropriate sentence is a term of imprisonment of 32 years.
7      1.    <u>Nature and circumstances of the offenses</u>
8      The nature of the offense is extremely troubling. The egregious nature of the
9  Defendant's conduct, which could have led to death and massive injuries to a large
10  number of innocent victims is shocking – offenses created a substantial risk of
11  death or serious bodily harm to many innocent persons and were motivated to
12  intimidate or coerce a civilian population. The gravity of the offense cannot be
13  understated.
14      The improvised explosive device was discovered by alert and vigilant
15  citizens inside a backpack the Defendant positioned at a busy Spokane intersection
16  on the route of the Martin Luther King, Jr. Unity March.  *See* Attachments A and
17  B (backpack).  It was a functioning weapon, designed and constructed by the
18  Defendant.  If detonated at the proper time, it would have expelled fishing weights
19  (coated in rat poison containing an anticoagulant) as shrapnel into the march
20  participants and nearby businesses.  *See* Attachment C (mockup) and D
21  (demonstration detonation) There is also undisputed evidence that the Defendant
22  successfully manufactured and detonated another explosive device, designed to
23  expel shrapnel (ie: threaded metal nuts) sometime prior to the Unity March.  *See*
24  Attachment F.
25
26
27  United States' Sentencing Memorandum - 4
P11123JJ.JHA.Harpham.wpd

The Defendant took photographs of African Americans (including children) and other racial minorities, who were participating in the march. *See* Attachment E. Clearly, these individuals were targets of his scheme.

On balance, this factor plainly weighs in favor of imposing a 32 term of imprisonment.

### 2. History and characteristics of the defendant

The Defendant's history and characteristics are vexing to say the least.

The Defendant is an admitted white supremacist and has been for some time. He is a member of the National Alliance, white supremacy organization. His twisted views are memorialized in numerous posts on the Vanguard News Network forum, a know white supremacist website. *See* Attachment J. His views are known to his family members as well other professed racist organizers. Moreover, even since being held pre-trial he has continued to communicate with Glenn Miller, a known white supremacist. *See* Attachment K.

The FBI seized numerous racist books and periodicals from his belongings at his father's premises. They also seized numerous domestic terrorism related books.

In addition, at the time of his arrest he was in possession of an AK47, a handgun, and a modified digital clock as a timing device. *See* Attachment G.

This factor, in conjunction with the facts that the Defendant acted out on his racist views, supports the imposition of a sentence that will maximize the time the Defendant is incarcerated and subject to judicial oversight.

### 3. Reflect the seriousness of the offense

It goes without saying that the offenses committed by the Defendant were gravely serious. He was motivated to intimidate or coerce the public and he

United States' Sentencing Memorandum - 5

P11123JJ.JHA.Harpham.wpd

created an extremely serious risk of death or serious bodily harm to many innocent persons.

This factor militates in favor of a 32 year sentence and life term of supervised release.

### 4. Promote respect for the law

Although the Defendant has no prior criminal history, here he had to have seriously reflected on his actions and planned to cause public disruption, serious injury, and potentially death.  This is demonstrated by his fastidious and precise manufacturing of the device.  It is clear that the Defendant went to great effort to ensure the device operated as designed – to expel shrapnel coated in rat poison into the participants in a public unity march.  Indeed, he even went to the extent of detonating another shrapnel-expelling-device prior to the unity march.

This factor similarly weighs in favor of a 32 years sentence.

### 5. Provide just punishment

The Defendant needs to be punished for his serious conduct.[3]

---

[3]  The Defendant relies on two other cases – one prosecuted in the Southern District of New York and the other in the Northern District of Dallas – to argue that 27 years is an adequate sentence because a sentencing court must consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).  What the Defendant fails to acknowledge is that he is not similarly situated nor is he guilty of similar conduct.  It is unclear what other charge those defendants were facing and in neither of those cases did the defendants plan, manufacture, test, or place a functional device that undoubtedly could have injured, maimed, or killed innocent people.  Here, a 32 year sentence will in no

United States' Sentencing Memorandum - 6
P11123JJ.JHA.Harpham.wpd

A 32 year sentence will provide adequate punishment that supports the purpose and policy of the Federal Sentencing Act, 18 U.S.C. § 3553(a).

### 6. Afford adequate deterrence to criminal conduct

This Court has a unique opportunity to send a message to other white supremacists who may be contemplating acting out on their intolerant, racist views. The public needs to know that the Federal courts will not condone conduct like that of the Defendant. Such conduct will not be tolerated, particularly in the greater Spokane area. Indeed, the greater Spokane area, including North Idaho, has in recent years been a hot bed for white supremacists. It has not been long since the Aryan Nation compound in Hayden Lake Idaho was finally shuttered, but others, like the Defendant, have remained in the area. Imposing a 32 year sentence is a substantial but needed punishment and will prevent and hopefully deter the Defendant and others from similar criminal acts in the future.

### 7. Protect the public from further crimes of the Defendant

The Defendant has demonstrated his very firm convictions about white supremacy. *See* Attachments H and I. He has also demonstrated that he will act out on those convictions in an act of domestic terrorism (which he has an intent in) even if innocent people are randomly injured or killed. It is unlikely that his views will change in the short term and plainly the public needs to be protected from

---

way create an unwarranted sentencing disparity.

Interestingly, in the Defendant's Sentencing Memorandum he argues in support of his disparity assertion that the Guidelines sentencing range is less than half of the 27 year sentence he seeks. What the Defendant fails to articulate is the Guidelines expressly provide that an upward departure may be appropriate in circumstances tantamount to what occurred here.

United States' Sentencing Memorandum - 7
P11123JJ.JHA.Harpham.wpd

further crimes he may commit.  The public needs assurances that the Defendant will not, because he cannot, disrupt community events or target individuals based on his racist views again.  The public should not have to be concerned about the Defendant for the next 32 years.

        8.    <u>Provide educational training, medical care, or other correctional treatment</u>

This factor weighs in favor of fashioning a sentence that includes, along with the standard terms of release, mental health counseling/treatment and submitting to the search of the Defendant's person, residence, office, and vehicle, which suggested special conditions are set forth in the Addendum to the PSR.

## **CONCLUSION**

Based on the foregoing, the United States respectfully submits that this Court should impose a 32 year term of imprisonment to be followed by a life term of supervised release, subject to the suggested special conditions set forth in the Addendum to the PSR.  The United States submits that such a sentence is "reasonable" under the grave facts and circumstances of this case and not greater than necessary to promote the purpose and policy of the Federal Sentencing Act, 18 U.S.C. § 3553(a).

DATED November 23, 2011.

        Michael C. Ormsby
        United States Attorney

        *s/Joseph H. Harrington*

        Joseph H. Harrington
        Assistant United States Attorney

        Thomas O. Rice
        Assistant United States Attorney

I hereby certify that on November 23, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s):

        Mr. Roger Peven
        Ms. Kimberly Deater
        Ms. Kailey E. Moran
        Federal Defenders of Eastern Washington and Idaho
        10 North Post, Suite 700
        Spokane, Washington 99201

*s/Joseph H. Harrington*

Joseph H. Harrington
Assistant United States Attorney

United States' Sentencing Memorandum - 9
P11123JJ.JHA.Harpham.wpd