Michael C. Ormsby
United States Attorney
Eastern District of Washington
Joseph H. Harrington
Thomas O. Rice
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | **CR-11-00042-JLQ** |
| vs. | ) | |
| | ) | United States' Supplemental |
| KEVIN WILLIAM HARPHAM, | ) | Sentencing Memorandum |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Joseph H. Harrington and Thomas O. Rice, Assistant United States Attorneys, submit the following supplemental sentencing memorandum setting forth its sentencing guidelines calculation.

## SENTENCING GUIDELINES

The United States Probation Office has prepared an amended Presentence Investigation Report ("PSR") and an Addendum, both dated November 21, 2011. It appears the PSR is complete and accurate.  Neither the Defendant nor the United States have an objection to the Guidelines calculation.

The PSR calculates the Defendant's adjusted offense level as being 36. *See* PSR ¶¶ 43-52.  With a three-level reduction for his timely acceptance of

United States' Supplemental Sentencing Memorandum - 1
p11214jh.jhh.wpd

1  responsibility (PSR ¶¶ 53-54), the Defendant's total offense level would be 33.

2  *See* PSR ¶ 57.

3        The Defendant's criminal history category is I.  *See* PSR ¶ 62.  Accordingly,

4  his advisory Guidelines sentencing range is 135 to 168 months (PSR ¶ 98) and up

5  to a life term of supervised release (PSR ¶ 100).  However, as noted in the PSR,

6  there are two potential grounds for an upward departure from this advisory

7  sentencing range.  *See* PSR ¶¶ 47, 49, 112, 113.  *Cf.*  ECF 200, Plea Agreement at

8  ¶¶ 10(b.) and 10(d.).   An upward departures may be appropriate where, as here,

9  (1.) the offense created a substantial risk of death or serious bodily harm to more

10  than one person, or (2.) if the motive behind the offense was to intimidate or

11  coerce a civilian population.  *See* PSR ¶¶ 47, 49, 112, 113.  These are described

12  as <u>invited</u> departures under the Guidelines.

13  **A.    The Invited Departures**

14        1.    <u>Substantial Risk of Death or Serious Bodily Injury.</u>

15        According to U.S.S.G. § 2A2.1, comment (n.2), an upward departure from

16  the Guidelines may be warranted if the offense created a substantial risk of death

17  or serious bodily injury to more than one person.  Specifically, it provides:

18        Upward Departure Provision.– If the offense created a substantial risk
       of death or serious bodily injury to more than one person, an upward
19        departure may be warranted.

20  U.S.S.G. § 2A2.1, comment (n.2).  There is no further quantification provided by

21  this Guidelines invited departure.

22        Here, the January 17, 2011 Martin Luther King Unity March was attended

23  by an estimated 2,000 supporters of community harmony and unity. *See* ECF 200,

24  Plea Agreement at p.7, l. 13-17.  Participants were of various races, including

25  African Americans.  *Id.*  If the improvised explosives devise has been detonated at

26  the proper time, it would have expelled fishing-weight shrapnel into march

27  participants as they passed by, causing bodily injury.  *See* ECF 200, Plea

28  Agreement at p.6, l. 23-25.  Plainly, the Defendant's conduct created a substantial

United States' Supplemental Sentencing Memorandum - 2
p11214jh.jhh.wpd

1   risk of death or serious bodily injury to more than one person.  An upward

2   departure is warranted to acknowledge this risk to the march participants.

3        2.    Intimidation or Coercion of Civilian Population.

4        Another invited upward departure is warranted here because the

5   Defendant's motive was to intimidate or coerce a civilian population.  *See*

6   U.S.S.G. § 3A1.4, comment. (n.4).  That comment provides:

> Upward Departure Provision.– By the terms of the directive to the Commission in section 730 of the Antiterrorism and Effective Death Penalty Act of 1996, the adjustment provided by this guideline applies only to federal crimes of terrorism.  However, there may be cases in which * * * (B) the offense involved, or was intended to promote, one of the offenses specifically enumerated in 18 U.S.C. 2332b(g)(5)(B), but the terrorist motive was to **intimidate or coerce a civilian population**, rather than to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct.  In such cases an upward departure **would be warranted**, except that the sentence resulting from such a departure may not exceed the top of the guideline range that would have resulted if the adjustment under this guideline had been applied.

14  U.S.S.G. § 3A1.4, comment (n.4) (emphasis added).  *See also* 18 U.S.C. §

15  2332b(g)(5)(B) (referencing violations of 18 U.S.C. § 2332a relating to use of

16  weapon of mass destruction)).  This commentary policy statement was added in

17  November 2002.  The Sentencing Commission explained the reason for this

18  invited departure provision:

> * * * the amendment adds an encouraged, structured upward departure in § 3A1.4 (Terrorism) for offenses that involve terrorism but do not otherwise qualify as offenses that involved or were intended to promote "federal crimes of terrorism" for purposes of the terrorism adjustment in § 3A1.4. The amendment provides an upward departure, rather than a specified guideline adjustment, because of the expected infrequency of these terrorism offenses and to provide the court with a viable tool to account for the harm involved during the commission of these offenses on a case-by-case basis. In addition, the structured upward departure provision makes it possible to impose punishment equal in severity to that which would be imposed if the § 3A1.4 adjustment actually applied.

26  U.S.S.G. Appendix C, Amendment 637, effective November 1, 2002.

27       The Ninth Circuit was presented with and approved a similar departure in an

28  eco-terrorism case, for crimes occurring prior to the effective date of the

United States' Supplemental Sentencing Memorandum - 3

p11214jh.jhh.wpd

amendment. *United States v. Tankersley*, 537 F.3d 1100 (9th Cir. 2008). In that case, the defendant's 41-month sentence for conspiracy to commit arson and destruction of an energy facility, and aiding and abetting arson and attempted arson, was not rendered *per se* unreasonable by the district court's decision to depart upward by 12 sentencing guidelines offense levels based on the court's desire to punish the defendant's eco-terrorist activities directed at private conduct in a manner similar to how it punished eco-terrorist activities direct at government conduct committed by the defendant's co-defendants, who were subject to a 12-level offense level enhancement for an offense that involved a federal crime of terrorism.

In the case *sub judice*, an upward departure is warranted as well because the Defendant's conduct was not directly aimed at the government. It was, however, specifically designed to intimidate or coerce a civilian population. Indeed, Defendant has stipulated in the fact section of his plea agreement that:

> Kevin William Harpham has told others about his racist beliefs and is a white supremacist and white separatist. Kevin Harpham built and placed the IED at the March because of the actual or perceived race, color, or national origin of people marching, with the intent to cause bodily injury to the person or persons in order to further his racist beliefs.

ECF No. 200, Plea Agreement, p. 9.

**B.    The Advisory Sentencing Range Based on Upward Departures**

An upward departure based on the invited departure provisions, either individually or in combination, would result in an advisory Guidelines sentencing range of either 360 months to life (assuming an upward departure of 9 levels) or life (assuming an upward departure of 10 or more levels). At a minimum, a 9 level upward departure results in a 360-life advisory sentencing range, which is supported by the facts in this case under U.S.S.G. § 2A2.1 and is contemplated under U.S.S.G. § 3A1.4 where, as here, the Defendant's maximum Guideline

1  sentence is capped at life imprisonment (just as is the maximum penalty for

2  violation of the offense charged in Count 1).

3        The United States is recommending that the Court impose a thirty-two (32)

4  year term of imprisonment. The parties have agreed and the Court has accepted a

5  binding sentencing range of 27-32 years, along with a life term of supervised

6  release. PSR ¶ 99. The United States' recommendation comports with an

7  application of the invited departure provisions under the Guidelines. For example,

8  the structured upward departure provision under U.S.S.G § 3A1.4, as

9  distinguished from a specified Guideline adjustment, makes it <u>possible</u> to impose

10 punishment equal in severity to that which would be imposed  – here up to a life

11 term – if the § 3A1.4 adjustments actually applied. *See* U.S.S.G. Appendix C,

12 Amendment 637, effective November 1, 2002.  The provision also provides the

13 Court with a viable tool to account for the harm involved during the commission

14 of an offense on a case-by-case basis.  Here, the United States respectfully submits

15 that a thirty-two (32) year term of imprisonment is a reasonable sentence, is

16 consistent with the structured upward departure provision contemplated by the

17 Guidelines, and falls within the advisory sentencing range of 360 to life based on a

18 9 level upward departure.

19 **<u>CONCLUSION</u>**

20       For the above-stated reasons, and the reasons previously articulated in its

21 Sentencing Memorandum (ECF No. 224), the United States strongly recommends

22 that the Court impose a thirty-two (32) year term of incarceration to be followed

23 by a life term of supervised release, which sentence falls well within the advisory

24 Sentencing Guidelines calculation, after applying a 9 level departure pursuant to

25 //

26 //

27 //

28

United States' Supplemental Sentencing Memorandum - 5

p11214jh.jhh.wpd

the invited upward departure provisions.  Such a sentence is "reasonable" under the facts and circumstances of this case and not greater than necessary to promote the purpose and policy of the Federal Sentencing Act, 18 U.S.C. § 3553(a).

Dated December 14, 2011.

Michael C. Ormsby
United States Attorney

*s/ Joseph H. Harrington*

Joseph H. Harrington
Assistant United States Attorney

*s/ Thomas O. Rice*

Thomas O. Rice
Assistant United States Attorney

United States' Supplemental Sentencing Memorandum - 6
p11214jh.jhh.wpd

1

2

3

       I hereby certify that on December 14, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s):

4

5

6

7

          Mr. Roger Peven
          Ms. Kimberly Deater
          Ms. Kailey E. Moran
          Federal Defenders of Eastern Washington and Idaho
          10 North Post, Suite 700
          Spokane, Washington 99201

8

9

*s/ Joseph H. Harrington*

10

11

Joseph H. Harrington
Assistant United States Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States' Supplemental Sentencing Memorandum - 7
p11214jh.jhh.wpd