UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>KEVIN HARPHAM,<br><br>　　　　　　　Defendant.<br>_____ | NO. CR-11-0042-JLQ<br><br>MEMORANDUM OPINION Re:<br>DENIAL OF MOTION TO<br>WITHDRAW PLEAS OF GUILTY |

　　　　On December 20, 2011, at the time set for sentencing in this matter, and more than 100 days after the pleas of guilty were entered on September 7, 2011, Defendant made an oral Motion To Withdraw his pleas of guilty to Counts I and III of the Superseding Indictment. At that time set for sentencing, Defendant was represented by Federal Defenders Roger Peven, Kim Deater, and Kailey Moran. The Government was represented by Michael Ormsby, the United States Attorney for this district, and by Tom Rice and Joseph Harrington, Assistant United States Attorneys.

　　　　No prior written Motion To Withdraw had been filed nor had the attorneys for the Plaintiff or the court been given any prior notice of the proposed filing of such a motion. The court heard from counsel and for the reasons stated at that time and herein, denied the Motion To Withdraw Guilty Pleas. This Memorandum will memorialize and supplement that ruling.

**I. Introduction and Procedural Background**

　　　　Defendant Kevin Harpham made his initial appearance in this matter on March 9, 2011. He was charged with placing an explosive device in a backpack along the route of the January, 2011 Martin Luther King, Jr. Day parade. Defendant then, and throughout the subsequent proceedings, had the benefit of being represented by three

ORDER – 1

very able and experienced attorneys from the Federal Defenders Office, including the Chief Federal Defender, Roger Peven. Counsel for the Defendant filed multiple pretrial motions on his behalf, including multiple motions to suppress evidence and motions challenging the Government's expert testimony. After six months of actively litigating this matter, the Defendant chose to plead guilty and enter into a Rule 11(c)(1)(C) Plea Agreement with the Government stipulating to the imposition of a sentence of not less than 27 years and not more than 32 years.

    A plea hearing was held on September 7, 2011, at which the Government presented a lengthy factual recitation of the charged offenses. The Plea Agreement also contained a statement of the facts of the offenses to which the Defendant agreed. After listening to the Government's recitation of the facts, the Defendant stated that he was satisfied the Government could prove those facts. Defendant entered a plea of Guilty to both Count I, attempted use of a weapon of mass destruction, and Count III, the hate crimes charge, of the Superseding Indictment. The court found the pleas were knowing and voluntary, and not the product of fear, coercion, or ignorance. Defendant admitted to spending about a month constructing the improvised explosive device ("IED") and admitted that he placed the IED on the parade route based on racial animus or bias.

## II. Motion to Withdraw Plea

    Federal Rule of Criminal Procedure 11 governs pleas in criminal proceedings. Once a plea of guilty has been made and accepted by the court, the Defendant may withdraw it, if the court rejects an 11(c) plea agreement, or if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2). Here, the court accepted the plea on September 7, 2011, and entered an Order accepting the 11(c)(1)(C) plea agreement on November 9, 2011. Thus, in order to withdraw a plea prior to sentencing, Defendant must demonstrate a "fair and just" reason for doing so. Once sentence is imposed, the Defendant may not withdraw a plea of guilty, "and the plea may be set aside only on direct appeal or collateral attack." Fed.R.Crim.P. 11(e).

ORDER - 2

Sentencing in this matter was originally scheduled for November 30, 2011. At that hearing counsel for the Defendant moved the court for a continuance of three weeks. The court granted that motion and sentencing was set for December 20, 2011. On December 20, 2011, in an oral motion made on the morning of sentencing, counsel for the Defendant contended that a new expert on explosive devices had been retained and that this expert would opine that Defendant's "backpack bomb" did not meet the definition of "explosive or incendiary device" contained in 18 U.S.C. § 232, and thus would not support conviction under 18 U.S.C. § 249 as charged in Count III. Despite the court's repeated requests, the Defendant did not provide a declaration, expert report, oral summary of the new expert's opinion, or offer to present live testimony from this purported expert. The Defendant did not challenge the fact that the bomb in the backpack would have exploded had the igniter been triggered and the evidence presented to the court both during pretrial and sentencing proceedings established without any doubt that the backpack bomb would have exploded if triggered. Further, Defendant argued that as Count III was the predicate offense for Count IV, and Count IV provided a mandatory minimum 30 year sentence, this influenced his decision to plead guilty. Count IV was dismissed pursuant to the Rule 11(c)(1)(C) plea agreement.

There are innumerable problems with Defendant's argument. First, Defendant did not retain this new expert, Fred Whitehurst, until approximately three months after the pleas of guilty were entered, and Defendant had previously had the benefit of a different retained explosive expert prior to his pleas of guilty. Second, Defendant's proffer to have Whitehurst testify on a matter of statutory interpretation–the meaning of "explosive or incendiary device" as contained in 18 U.S.C. § 232 are matters of law for the court's determination and are "inappropriate subjects for expert testimony." *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992).

Third, the argument that Defendant's bomb was not an "explosive or incendiary device," or not "any explosive bomb, grenade, missile, or similar device" (§ 232(5)(B))

ORDER – 3

is meritless. It is also an argument that could have been made prior to entry of the pleas of guilty. In the Plea Agreement (ECF No. 200), the Defendant agreed to a recitation of facts which the Government would be able to prove beyond a reasonable doubt and which supported his pleas of guilty. Therein, Defendant agreed that the device he placed was an "improvised explosive device." (ECF No. 200, p. 6). Defendant agreed that the IED contained "a charge and shrapnel" and a "powering/triggering system." Id. Defendant agreed that the IED contained 100 grams of "low explosive black powder." Id. Defendant agreed that if detonated, the IED would expel shrapnel capable of causing bodily injury and property damage. This Plea Agreement was entered into with the advice and consent of three capable defense attorneys, each of whom signed the Agreement, attesting in part that: "There is no legal reason why the Court should not accept the Defendant's pleas of guilty." To seek to withdraw the guilty pleas now, based on an argument which is in essence, "Defendant's bomb is not an "explosive bomb"," strikes the court as clearly without merit.

Fourth, this is not an issue of new evidence, but is merely new argument. It is an argument that could have been made prior to entry of the pleas of guilty. Defendant has not obtained new evidence, but merely a new legal opinion. The Ninth Circuit has stated that "great caution must be exercised in considering evidence 'newly discovered' when it existed all along." *United States v. Showalter*, 569 F.3d 1150, 1155 (9th Cir. 2009).

Other problems exist with Defendant's oral motion: 1) it is directed at Count III, and Count I alone carries the possibility of life imprisonment; 2) both Counts I and III are charged as attempts. Therefore, despite no such contention, even if the IED would have failed to explode when detonated, the substantial steps Harpham took in constructing and placing the device support the pleas of guilty; and 3) Defendant failed to provide any evidence to the court in the form of a written report, affidavit, or even an oral summary of the alleged opinion of Whitehurst.

### III. Legal Standard for a Motion to Withdraw Guilty Plea

ORDER - 4

After a plea of guilty is entered and accepted by the court, the defendant does not have an unequivocal right to withdraw the plea: "the decision to allow withdrawal of a plea is solely within the discretion of the district court." *United States v. Showalter*, 569 F.3d 1150, 1156 (9th Cir. 2009). The "fair and just reason" standard of Rule 11(d)(2)(B) must have meaning, and the defendant bears the burden of establishing that withdrawal is warranted. *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005). However, a defendant does not have to prove that his plea is invalid in order to establish a fair and just reason for withdrawal. *Id.* at 806. In *United States v. Hyde*, 520 U.S. 670 (1997), the Supreme Court rejected the suggestion that prior to acceptance of the plea agreement, the defendant had an absolute right to withdraw the guilty plea. Here, the court had accepted the Plea Agreement. The Supreme Court stated that to allow such liberality in withdrawing pleas:

> debases the judicial proceeding at which a defendant pleads and the court accepts his plea. After the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea, the Court of Appeals would allow the defendant to withdraw his guilty plea simply on a lark...this cannot be so

*Id.* at 676. The Supreme Court expressed concern that allowing a defendant an unequivocal right to withdraw, rather than giving meaning to the "fair and just reason" standard would, "degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *Id.* at 677.

The Circuits vary somewhat in how they apply the "fair and just" standard, but agree it is a matter of the district court's discretion. See for example *U.S. v. Ensminger*, 567 F.3d 587 (9th Cir. 2009)("A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion."); *U.S. v. Hogan*, 2011 WL 5926161 (3rd Cir. 2011)(same); *U.S. v. Barnes*, 2011 WL 5075126 (same). Although the Ninth Circuit has said that the standard is "generous and must be applied liberally," the burden of

ORDER - 5

establishing that withdrawal is warranted rests on the defendant. *Ensminger*, at 590 citing *U.S. v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005). A "change of heart-even a good faith change of heart-is not a fair and just reason that entitles [a defendant] to withdraw his plea, even where the government incurs no prejudice." *Ensminger*, 567 F.3d at 593. The Ninth Circuit has given as examples of fair and just reasons: 1) inadequate Rule 11 plea colloquies; 2) newly discovered evidence; 3) intervening circumstances; 4) erroneous or inadequate legal advice; or 5) "any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Id.* at 590-593. Obviously, any other reason means any other "fair and just" reason, and it emphasizes that the reason must be new (did not exist at the time of the plea).

### IV. Harpham's Motion Does Not Provide A Fair And Just Reason

Harpham is not advancing an argument that did not exist at the time of his pleas of guilty. If he wanted to challenge the definitions provided in 18 U.S.C. § 232, he could have done so before entering his plea. If he wanted to argue that the device would have failed to explode, and was thus not an "explosive bomb," he could have done so. Defendant had engaged an expert witness on explosives, Jerry Taylor, prior to entering his plea of guilty and did challenge the Government's expert. See Motion to Exclude Lee McEuen (ECF No. 194). The mere fact that three months after his pleas of guilty Defendant engaged a new expert, who allegedly would offer (although no report has been prepared or presented to the court) testimony beneficial to Defendant on whether the device was legally an explosive bomb is not a fair and just reason for withdrawal of the plea. In *United States v. Joseph, J.*, 40 Fed.Appx. 494 (9th Cir. 2002)(unpublished), the Ninth Circuit rejected the argument that obtaining a new opinion from an expert was a fair and just reason for withdrawing a plea. The Ninth Circuit stated:

> The district court did not abuse its discretion in finding that the defendant's new expert's preliminary opinion did not constitute a fair and just reason to permit

ORDER – 6

> withdrawal of his guilty plea. The defendant has not offered new evidence because he is introducing no new facts. He has a new expert that has simply offered a new opinion on the same facts that existed at the time of the plea hearing.

*Id.* at 496 citing to *Harris v. Vasquez*, 949 F.2d 1497, 1523 (9th Cir. 1990). The same can be said of Harpham. He merely retained a new expert that allegedly would offer a different legal opinion on the same facts that existed at the time of the plea hearing.

Whitehurst's proffered opinion that Harpham's backpack bomb was not an "explosive or incendiary device" or "explosive bomb" within the meaning of 18 U.S.C. § 232 is not new evidence. It appears to be merely a legal opinion based on evidence that Harpham had prior to his plea of guilty. As stated by the Government at the hearing on this Motion, Harpham had access to the actual components of the device during pretrial discovery, was provided with the Government's expert reports, had retained his own expert on explosive devices, had viewed the Government's evidence of the explosion of claimed identical devices, and had been given the opportunity of observing and participating in further tests by the Government of similar devices, if desired.

If this were truly new evidence, then the court would further inquire as to whether it was evidence in Defendant's favor that "could have at least plausibly motivated a reasonable person in [defendant's] position not to have pled guilty had he known about the evidence prior to pleading." *United States v. Garcia*, 401 F.3d 1008, 1011-12 (9th Cir. 2005). The defendant is not required to demonstrate that the evidence would have exonerated him. *Id.* Other cases applying the 'plausibly motivated a reasonable person not to have pled guilty' standard involve the provision of erroneous legal advice. See *United States v. Davis*, 428 F.3d 802, 808 (9th Cir. 2005); *United States v. McTiernan*, 546 F.3d 1160 (9th Cir. 2008). Even applying this standard, to what is **not** new evidence, the court finds the standard unmet. A reasonable person, with the benefit of counsel, would understand that an expert's opinion on a question of statutory interpretation in

ORDER - 7

support of an argument that the admitted IED was not an "explosive bomb" was meritless. See *United States v. Betts*, 2011 WL 5519648 (9th Cir. 2011)(unpublished)("While a defendant does not have to demonstrate the defense would have been successful...failure to inform [defendant] of a non-viable defense would not plausibly lead a reasonable person to decide not to plead guilty.")

      Counsel admitted at the hearing that the new expert, Mr. Whitehurst, would concede that factually the IED contained an explosive material, that being black powder. As to the statutory interpretation of "explosive bomb", an expert witness cannot give an opinion on an ultimate issue of law. *U.S. v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009) ("The trial court's exclusion of the expert testimony to the extent that it constituted legal opinion was well within its discretion."). Here, Defendant allegedly sought to have an expert engage in the statutory interpretation of "explosive bomb" in 18 U.S.C. § 232, while admitting that the bomb contained explosive material and Defendant having previously admitted in the Plea Agreement that he constructed an improvised explosive device containing a charge, shrapnel, and explosive black powder. Defendant's prior stipulations of fact undermine his current claim that the device was not an "explosive bomb." See *United States v. Muller*, 305 Fed.Appx. 457 (9th Cir. 2008) (unpublished)("[Defendant's] prior stipulations to the facts underlying the charged crimes undermine his present claim of actual innocence.").

      This court is not required to accept a meritless legal argument as a basis for withdrawal of pleas. To do so would in effect give any defendant an unequivocal right to withdraw a plea and ignore that the prior entry of a plea is a "grave and solemn act" which is "accepted with care and discernment." *Hyde*, 520 U.S. at 677 (1997). Nor is this court prohibited from considering the merits, or lack thereof, of the new argument being advanced by Defendant. See *United States v. Ensminger*, 567 F.3d 587, 594-95 (9th Cir. 2009) (rejecting argument that district court could not consider merit of underlying argument, but rather must grant motion to withdraw plea and allow defendant to file and

ORDER - 8

brief his new argument pertaining to the statute's constitutionality). Rather, the *Ensminger* court stated that an inquiry into the merits of the alleged intervening change in the law "lies at the heart of the district court's deliberation of what might constitute a fair and just reason." *Id.* at 594.

As the Ninth Circuit has previously recognized, "defendants have been known to toy with courts by belated attempts to change their minds about having pleaded guilty." *United States v. Cook*, 487 F.2d 963 (9th Cir. 1973). A defendant's delay in moving to withdraw a plea can be looked to as a "barometer of the defendant's candor with the court about his reasons for withdrawal." *Garcia*, 401 F.3d 1008, 1013 (9th Cir. 2005). Here, Defendant sought to withdraw his pleas of guilty over 100 days after they were accepted by the court via an oral motion offering what an expert would allegedly say on a question of statutory interpretation. This belated motion falls far short of the Defendant's burden to show a "fair and just" reason to withdraw his pleas and creates the appearance of gamesmanship. "The guilty plea is not a placeholder that reserves [a defendant's] right to our criminal system's incentives for acceptance of responsibility unless or until a preferable alternative later arises." *Ensminger*, 567 F.3d 587, 593 (9th Cir. 2009).

### V. Conclusion

This court has presided over this matter for the entire course of the proceedings. This court presided over numerous pretrial motions, and the September 7, 2011 hearing at which Defendant pled guilty. The court finds Defendant failed in his burden of presenting a "fair and just reason" for withdrawal of his knowingly and voluntarily entered pleas of guilty pursuant to a detailed Rule 11(c)(1)(C) Plea Agreement. Defendant's oral motion to withdraw his pleas of guilty is DENIED. To the extent that in arguing the motion to withdraw, defense counsel also sought a continuance to file a written motion to withdraw, that request was also DENIED. The court had already once continued the sentencing at Defendant's request (ECF No. 231) and finds no valid basis

ORDER – 9

for a further continuance.

## VI. Post-Script

Although not informing the court's decision to deny the oral motion to withdraw guilty pleas, as the court denied the motion prior to proceeding to sentencing, the Defendant's statements at sentencing are worthy of mention.  At sentencing, Defendant again admitted to building the device.  He admitted to placing the device on the parade route, and called it a "creative idea."  He claimed that he did not have the intent to hurt people, but stated his intent "wasn't exactly legal either."  He claimed to have aimed the device, the best he could, by "eyeballing it" to deliver a "shot gun blast" over a public street and into a commercial building with large glass windows.  He stated he would "fire" the device off, with a "big billow of smoke" and it would be very loud.  He now claims to have intended this as a statement of protest against social concepts like unity and multiculturalism. The court does not find the Defendant's statements to be credible and are contrary to the facts and the motives of the Defendant as set forth in his numerous racist materials and e-mails.

While now making the incredible statement at sentencing that he was "not guilty," Defendant again admitted to constructing an explosive device, placing it on the Martin Luther King, Jr. parade route, and having at minimum the intent to inflict property damage.  Defendant further admitted to being motivated by his disdain of multiculturalism.  When this court accepted Defendant's pleas of guilty on September 7, 2011, the court then harbored no doubts that there was an adequate factual and legal basis for the plea.  It harbors no doubts today.

**IT IS SO ORDERED.**

The Clerk shall enter this Memorandum and furnish copies to counsel.

Dated this 23rd day of December, 2011.

                s/ Justin L. Quackenbush
            JUSTIN L. QUACKENBUSH
    SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 10