UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO. CR-11-0042-JLQ |
| Plaintiff, ) | |
| ) | ORDER DENYING |
| ) | MOTION TO RECONSIDER |
| vs. ) | |
| ) | |
| KEVIN HARPHAM, ) | |
| ) | |
| Defendant. ) | |

BEFORE THE COURT is Defendant's "Motion to Reconsider Motion to Withdraw Plea" (ECF No. 240) in which the Defendant again seeks to withdraw his pleas of guilty. The Government has filed a Response (ECF No. 247) and Defendant has filed a Reply (ECF No. 248). The court has determined that no further hearing is required.

**I. Introduction and Procedural Background**

Defendant Kevin Harpham made his initial appearance in this matter on March 9, 2011. Thereafter, the Defendant was represented by the Federal Defender for the Eastern District of Washington, Roger Peven, and two very experienced and qualified Assistant Federal Defenders, Kailey Moran and Kimberly Deater. After six months of actively litigating this matter, including the determination of arrest and search issues, Defendant chose to plead guilty and entered into a Rule 11(c)(1)(C) Plea Agreement, (ECF No. 200),with the Government.

One of the charges to which the Defendant pled guilty, Count I, Attempted Use of a Weapon of Mass Destruction, carried a maximum possible penalty of life imprisonment. The Plea Agreement provided for a recommended prison sentence of 32

ORDER - 1

years by the Government and 27 years by the Defendant. The Defendant was entitled to withdraw the guilty pleas if the sentence imposed exceeded 32 years.

A plea hearing was held on September 7, 2011, at which the Government presented a lengthy factual recitation of the charged offenses. After hearing the recitation and the factual stipulations in the Plea Agreement, the Defendant stated that he was satisfied the Government could prove those factual matters. Defendant entered a plea of Guilty to both Count I, Attempted Use of a Weapon of Mass Destruction, and Count III, the hate crimes charge of the Superseding Indictment arising from the placement by the Defendant of an explosive device along the route of the 2011 Martin Luther King, Jr. Day march. The court found the pleas were knowing and voluntary, and not the product of fear, coercion, or ignorance. The Defendant has never denied placing the explosive device along the parade route.

The matter was set for sentencing on November 30, 2011. At Defendant's request, the sentencing was continued for three weeks to December 20, 2011. On the morning of December 20, 2011, Defendant orally moved to withdraw his pleas of guilty. After hearing from counsel for over an hour, the court determined that there was not even a *prima facie* showing of any fair and just reason to allow withdrawal of the pleas. The court denied the motion and proceeded with sentencing. On December 23, 2011, the court issued a written opinion memorializing and further elaborating upon its oral ruling. (ECF No. 236). The sentencing Judgment was entered on December 27, 2011. On December 29, 2011, Defendant filed the Motion to Reconsider that is now before the court.

**II. Defendant's Motion to Reconsider**

Defendant's written Motion is a further elaboration on the contention he made the morning of sentencing that he had retained a new expert, and that this expert would opine that Defendant's "backpack bomb" does not meet the definition of "explosive or incendiary device" contained in 18 U.S.C. § 232, and thus would not support conviction

ORDER - 2

under 18 U.S.C. § 249 as charged in Count III. Defendant also now supports his Motion with a five-page letter from this new 'expert', Frederic Whitehurst. (ECF No. 241-1). Notably this new report contains no information on the purported expert's background or qualifications, other than the mere heading proclaiming him to be a "J.D., Ph.D. Attorney at Law, Forensic Consultant." Whitehurst concludes when analyzing Section 232(5) that the "device is not a bomb, grenade or missile but a "firearm". (ECF No. 241-1, p. 19). However, he also concludes: "This device is similar to a bomb, a grenade or a missile in that it functions by very fast oxidation-reduction chemical reaction of the energetic materials within it." (*Id.*). Whitehurst appears to conclude that Harpham's IED is more akin to a shotgun than a bomb. Whitehurst also appears to call into question whether the device would have functioned as intended, or whether the wiring was sufficient to initiate the device. He states: "Therefore, without a functioning initiator, this device could not be determined to be a bomb, a missile, a gun, or a grenade." (ECF No. 241-1, p. 20).

Defendant does not contend, nor does the Whitehurst paper suggest, that the Defendant had a colorable defense to Count I, which defines "weapon of mass destruction" by reference to "destructive device" as defined in 18 U.S.C. § 921. Count I carries a maximum sentence of life imprisonment. The court sentenced Harpham to 32 years on Count I. The court sentenced Harpham to 10 years on Count III to run concurrent with the 32 year sentence imposed on Count I. In calculating the Sentencing Guideline Range the court found the existence of upward departures for "substantial risk of death or serious bodily injury to more than one person" (U.S.S.G. § 2A2.1) and intent to intimidate a civilian population (U.S.S.G. § 3A1.4). See Sentencing Memorandum (ECF No. 237). Defendant's mistaken confidence in this new meritless argument concerning Counts III and IV, is not a fair and just reason for withdrawal of the pleas.

This court previously issued a detailed Opinion (ECF No. 236) setting forth the

ORDER - 3

many reasons why it denied Harpham's oral request to withdraw his pleas on the morning of sentencing. Among the numerous reasons were that this untimely retained expert was offering a legal opinion on a matter of statutory interpretation, which is a matter for the court, and the argument that Harpham's IED was not an "explosive or incendiary device" under § 232(5)(B) was patently meritless. A review of Whitehurst's report only reinforces the court's conclusions.

Harpham was charged in Count III of the Superseding Indictment, and pled guilty to, "attempt[] to cause bodily injury with an explosive device, to wit, an improvised explosive device...in violation of 18 U.S.C. § 249." Section 249 defines "explosive or incendiary device" by reference to Section 232(5), which includes "any explosive bomb, grenade, missile, or similar device." Whitehurst concludes that Harpham's IED "is similar to a bomb, a grenade or a missile in that it functions by very fast oxidation-reduction chemical reaction of the energetic materials within it." (ECF No.241-1, p. 19). Thus Harpham's untimely retained expert would still find the device within the statutory definition applicable to Count III, but apparently also contends there is an issue of "vagueness". No motion was ever filed in this case challenging Section 232(5) as void for vagueness.

Furthermore, courts which have addressed the definitions provided in Section 232(5) have found them to be broad, and have seemed untroubled by the "similar device" language. The Seventh Circuit, in *United States v. Agrillo-Ladlad*, 675 F.2d 905, 913 (7th Cir. 1982) stated: "In this case the legislative history and the expert testimony illuminate the reach of section 232(5). First, there need only be a potential for explosion. And second, Congress understood the term "bomb" to cover a wide range of explosives." In *Agrillo-Ladlad,* the court found that naptha soaked newspapers met the definition of explosive or incendiary device.

In *United States v. Mena*, 933 F.2d 19, 26-27 (1st Cir. 1991), the First Circuit

ORDER - 4

similarly found that Congress intended the definitions in Section 232(5) to have breadth: "In enacting 18 U.S.C. § 232(5), Congress cast its definitional net quite widely." In *Mena*, defendant presented testimony that the "kerosene-like" liquid in his device was not flammable in the scientific sense that its vapors would not ignite below 100 degrees Fahrenheit. The court found itself not bound by the expert testimony on flammability: "[We] are not disposed to say that flammability, in the technical sense, is a requisite element of the statute of conviction. To the contrary, any theoretical glow sparked by this scientific testimony is easily extinguished by the weight of existing precedent." *Id.* at 27. The court instead followed the plain meaning of flammable: "unless Congress has pointed the other way, courts should endeavor to read familiar words in the manner that ordinary people would most likely understand." *Id.* at 27. On the issue of "similar device," the court observed that: "nothing in the statute's text or structure limits the term "similar device" to the specifically described category of appliances." *Id.* at 28, n.8. Even if the device was not "flammable," it "was certainly close enough in nature to an explosive or incendiary device to qualify as "similar" under the statute." *Id.*

The *Mena* opinion illustrates that the court is not bound by an expert's legal opinion on a matter of statutory interpretation. Harpham agreed that the device he constructed was an improvised explosive device containing a charge and shrapnel, explosive black powder, and a triggering system. (See Opinion ECF 236, p. 4). This certainly falls within the definition of what an ordinary person would understand to be a "bomb" or "explosive device". Even Whitehurst's tortured analysis, which attempts to equate the device as analogous to a shotgun, admits Harpham's IED is similar to a bomb, a grenade or a missile.

As previously discussed by the court in its prior Opinion (ECF No. 236), the alleged untimely discovery of a meritless legal argument is not a fair and just reason for withdrawal of a plea. See *United States v. Betts*, 2011 WL 5519648 (9th Cir. 2011)(unpublished)("While a defendant does not have to demonstrate the defense would

ORDER - 5

1 have been successful...failure to inform [defendant] of a non-viable defense would not
2 plausibly lead a reasonable person to decide not to plead guilty."); *United States v.*
3 *Soriano-Hernandez*, 310 F.3d 1099, 1104 (8th Cir. 2002)(defendant failed to present fair
4 and just reason for withdrawal of guilty plea because even if defendant had not waived
5 statute of limitations defense, the defense was not viable); *United States v. Tunnell*, 64
6 F.3d 667, *1 (9th Cir. 1995)(unpublished)(defendant's "new found misunderstanding of
7 [statute of conviction] is not a fair and just reason for withdrawal of his guilty plea.").
8 The court finds no grounds to reconsider its prior ruling, and Defendant's Motion (ECF
9 No. 240) is **DENIED**.

### III. Jurisdiction and Rule 11(e)

The Government argues in its Response (ECF No. 247) that this court may lack jurisdiction by reason of Fed.R.Crim.P. 35 and 18 U.S.C. § 3582. The court rejects this argument as the Defendant is not seeking modification or correction of the sentence. Accordingly, as set forth *supra*, the court has addressed the merits of Defendant's Motion to Reconsider.

As stated in this court's prior Order (ECF No. 246), both the Supreme Court and the Ninth Circuit have held that the district court retains jurisdiction post-sentencing to entertain a motion to reconsider that is timely filed before the time to appeal has expired. See *United States v. Dieter*, 429 U.S. 6, 8-9 (1976); *U.S. v. Lefler*, 880 F.2d 233 (9th Cir. 1989). However, after the 2002 Amendments to Fed.R.Crim.P. 11, Rule 11(e) has provided that: "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." The Advisory Committee Notes to the 2002 Amendments provide that Rule 11(e) as amended, "makes it clear that it is not possible for a defendant to withdraw a plea after sentence is imposed." Thus, an argument could be made that this court does not have the authority to grant the pending Motion to Reconsider because it would effectively allow withdrawal of the plea after sentencing–which is prohibited by Rule

ORDER - 6

11(e). However, this court would find that the policy behind *Dieter* and *Lefler* of allowing districts courts to correct their own alleged errors and to avoid unnecessarily burdening the appellate courts does allow consideration of Harpham's Motion to Reconsider given the procedural posture of this matter.

### IV. Time to Appeal

This court previously ruled that: "Defendant's time for filing a notice of appeal shall run anew if the Defendant's Motion for Reconsideration is denied." (ECF No. 246, p. 2). This would mean Harpham would have 14 days from the date of this Order to timely file a notice of appeal. However, were the appellate court to determine that this court had no authority to consider the Motion to Reconsider, by reason of Rule 11(e), then the appellate court may find the Motion to Reconsider did not toll the time to appeal. Some courts have suggested the court cannot grant, post-sentencing, a motion to reconsider concerning withdrawal of a plea: "Even if [defendant's] motion for reconsideration is construed as a renewed motion to withdraw his guilty plea, the district court properly denied the post-sentence motion because Rule 11 prohibits a defendant from withdrawing a guilty plea after a sentencing." *United States v. Brown*, 156 Fed.Appx. 209, 211 n. 1 (11th Cir. 2005). Other courts have also refused to allow tolling of the time for notice of appeal, except based on the filing of those motions specifically enumerated in Fed.R.App.P. 4(b)(3). See *United States v. Garduno*, 506 F.3d 1287, 1291 (10th Cir. 2007)("The text of Rule 4(b) does not indicate that motions other than those enumerated may toll the time for filing a notice of appeal. Nor are there any statements by the advisory committee or in the case law supporting a functional equivalency application of Rule 4(b)(3)(A). We decline to recognize such application here."). Motions to reconsider are not specifically enumerated in Rule 4(b)(3). However, under *Deiter* and *Lefler*, this court did find, and does find, the time tolled.

Furthermore, Defendant did timely file a Motion to Extend Time (ECF No. 243) and this court finds good cause to extend the time for filing a notice of appeal pursuant

ORDER - 7

to Fed.R.App.P. 4(b)(4).

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Reconsider (ECF No. 240) is **DENIED**.

2. No further motions for reconsideration/rehearing will be entertained.

3. The time for filing a notice of appeal has commenced with the filing of this Order. Defendant, if he chooses, and subject to the terms of the Plea Agreement including the waiver of appeal rights in paragraph 16, **shall have 14 days from the date of this Order to file a notice of appeal**.

**IT IS SO ORDERED.**

The Clerk shall enter this Order, furnish copies to counsel, and close the file.

Dated this 25th day of January, 2012.

                s/ Justin L. Quackenbush
              JUSTIN L. QUACKENBUSH
     SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 8