MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Joseph H. Harrington
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>               vs.<br><br>KEVIN WILLIAM HARPHAM,<br><br>                                Defendant. | 11-CR-0042-JLQ<br>15-CV-125-JLQ<br><br>United States' Response to<br>Defendant's Motion Under<br>28 U.S.C. §  2255 to Vacate, Set<br>Aside, or Correct Sentence by a<br>Person in Federal Custody |

        Plaintiff, United States of America, by and through Michael C. Ormsby, United

States Attorney, for the Eastern District of Washington, and Joseph H. Harrington,

Assistant United States Attorney for the Eastern District of Washington, respectfully

submits the following response to Defendant's  petition  to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. §  2255 (ECF

No. 290).

//

//

United States' Response - 1
P50622dd.JHA

## SUMMARY OVERVIEW

The Defendant filed a petition to vacate, set aside, or correct his sentence/conviction pursuant to 28 U.S.C. § 2255.  By way of the Plea Agreement, which was entered knowingly and voluntarily, the Defendant waived his right to pursue "any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel."  ECF 200 (Plea Agreement, ¶ 16).  Thus, his challenges to the sufficiency of the evidence should be deemed waived.  Even if such challenges were not waived, they are not cognizable because his sentence / conviction was neither unconstitutional nor a fundamental miscarriage of justice.  In all events, those challenges are procedurally defaulted.  Finally, to the extent a colorable claim of ineffective assistance of counsel can be made, counsels' representation did not fall below the range of competence demanded of attorneys in criminal cases.  There is no reasonable probability that, but for counsels' purported ineffective representation, the Defendant would have insisted on going to trial;  Defendant's contention to the contrary is self-serving and illusory when considering the totality of the circumstance and the overwhelming evidence against him.

## PROCEDURAL BACKGROUND

On April 21, 2011, the grand jury returned a four-count Superseding Indictment charging the Defendant with attempted use of a weapon of mass destruction in violation of 18 U.S.C. § 2332a(2) (Count 1), possession of an unregistered destructive

P50622dd.JHA

device in violation of 26 U.S.C. § 5861(d) (Count 2), a hate crime in violation of 18 U.S.C. § 249 (Count 3), and use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(B) (Count 4).

The Defendant was appointed and was represented throughout the case by three defense counsel – the then Federal Defender for the Eastern District of Washington himself, along with two of his very experienced and qualified Assistant Federal Defenders.  After months of actively litigating the case, including for example, arrest (ECF 119), search (ECF 111, 117, 143, 151, 166), *Miranda* (ECF 84, 120) and *Daubert* (ECF 113, 144, 155) issues, as well as preparing for trial by way of motions in limine (ECF 81,118, 146),  witness and exhibit lists (ECF 177), voir dire (ECF 171), and jury instruction (ECF 167), the Defendant chose to enter a plea agreement with the United States pursuant to Fed. R. Crim. P. 11(c)(1)(C).  ECF 200 (Plea Agreement) and ECF 245 (transcript of hearing).  The Defendant plead guilty to Counts 1 and 3 (ECF 200), this Court accepted the Defendant's change of pleas (ECF 202), and accepted the Plea Agreement itself (ECF 216).  Pursuant to the Plea Agreement, the Defendant and the United States agreed to recommend that this Court impose a sentence of imprisonment between 27 and 32 years (Count 1 carried a maximum possible penalty of life imprisonment) followed by a life term of supervised release, with the condition that either party could withdraw from the plea agreement if

United States' Response - 3

P50622dd.JHA

the Court imposed a sentence outside this recommended range.  ECF 200, Plea

Agreement, ¶3 p.3.[1]

At the scheduled November 30, 2011, sentencing hearing, the Defendant orally

moved for a continuance based on a need to consider the statutory definition of the

term "explosive devise" under 18 U.S.C. § 232(5).  *See generally* ECF 276, pp. 1-15.[2]

The District Court granted the continuance and reset the sentencing hearing for

December 20, 2011.  ECF 231.  Then, at the December sentencing hearing (ECF 281),

---

[1]    The Plea Agreement also provided that the United States would dismiss Counts 2

and 4 (ECF 200, ¶9) and that the Defendant waive his right to appeal his conviction and

sentence (ECF 200, ¶16), specifically providing that:

> Defendant understands that he has a limited right to appeal or challenge the
> conviction and sentence imposed by the Court.  Defendant hereby expressly
> waives his right to appeal his conviction and the sentence the Court imposes,
> including any condition of supervised release or fine.  Defendant further
> **expressly waives his right to file any post-conviction motion attacking his**
> **conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255,**
> **except one based upon ineffective assistance of counsel** based on information
> not now known by Defendant and which, in the exercise of due diligence, could
> not be known by Defendant by the time the Court imposes sentence.

ECF 200 (emphasis added).

[2]    The District Court later explained that before the scheduled hearing the

Defendant advised the Court in an *ex parte* meeting that he need a continuance in order

to retain an expert (Frederic Whitehurst), to determine whether the Defendant's IED

was a "destructive device" under the statutory definition, to file a formal motion, and

provide the United States an opportunity to respond. ECF 281, pp. 10-11.  No such

motion was ever filed.

the Defendant orally notified the District Court for the first time that he wanted another continuance of the sentencing hearing to determine whether he had a basis to withdraw his guilty pleas based on a purported expert's opinion (absent a written motion setting forth any supporting analysis or an expert report). ECF 281 pp. 11-33. After listening to argument, the District Court denied the request for a continuance and to withdraw. ECF 281, pp. 33-88. *See* Order, date December 23, 2011; ECF 236, pp.1-10.

This Court conducted the sentencing hearing (ECF 281, pp. 36-66) and imposed a 32-year term of imprisonment for Count 1, a 10-year term of imprisonment for Count 3 (to run concurrent with Count 1), and a life term of supervised release. ECF 281, pp. 63-65. Counts 2 and 4 were dismissed. ECF 281, p. 65. The Judgment and Commitment Order was entered on December 27, 2011. ECF 238, pp. 1-6. Thereafter, the Defendant filed a motion to reconsider this Court's denial of his request to withdraw his guilty pleas. ECF 240 and 241. By Order dated January 25, 2012, this Court denied the motion for reconsideration. ECF 249.

The Defendant pursued an appeal to the Ninth Circuit. After reviewing the record, including this Court's full and complete Rule 11 colloquy, the Ninth found the Defendant's guilty pleas were knowing and voluntary and that he knowingly and voluntarily waived his right to appeal. The Ninth Circuit <u>dismissed</u> the appeal. *See United States v. Harpham*, 564 Fed.Appx. 907 (9th Cir. 2014).

Now, on May 5, 2015, the Defendant filed a petition to vacate, set aside, or correct his sentence/conviction pursuant to 28 U.S.C. § 2255. ECF 290. In support of his petition, the Defendant relies on three grounds, alleging: (1.) this Court failed to establish a factual basis to show an effect on interstate or foreign commerce to support his plea of guilty to attempting to use a weapon of mass destruction; (2.) this Court failed to establish a factual basis to show his intent to harm any person or persons because of their race, color, religion, or national origin; and (3.) this Court denied his motion to continue the trial which resulted in inadequate time to retain an expert to review tests conducted by FBI bomb experts and/or conduct similar tests; (3a.) his counsel did not advised him that he could challenge the 18 U.S.C. § 924(c) charge in the Superseding Indictment (Count 4), vis a via the crime of violence charge under 18 U.S.C. § 249 (Count 3), which crime of violence required the use of a firearm – that is, a "destructive device"; and (3b.) his counsel advised him that a conviction under 18 U.S.C. § 924(c) as charged would carry a life sentence, which informed his decision to enter the Rule 11(c)(1)(C) Plea Agreement.

This Court directed the United States to respond. ECF 292.

## DISCUSSION

Entering a guilty plea is a "grave and solemn act" which is "accepted with care and discernment." *United States v. Hyde*, 520 U.S. 670, 677, 117 S.Ct. 1630, 1634 (1997). Guilty pleas are designed to conclusively terminate criminal prosecution; therefore they are "accorded a great measure of finality." *Blackledge v. Allison,* 431

U.S. 63, 71, 97 S. Ct. 1621 (1977). [3]  In this regard,  "[s]olemn declarations in open court carry a strong presumption of verity." *Id.* at 74.  To be sure, entering a guilty plea not "a placeholder" reserving a right "unless or until a preferable alternative later arises." *United States v. Ensminger*, 567 F.3d 587, 593 (9th Cir. 2009).

## A.    Defendant Waived His Right to File Any Post-Conviction Motion Attacking His Conviction and Sentence Except One Based Upon Ineffective Assistance Of Counsel

Like the right to bring a direct appeal of his sentence, the right the Defendant seeks to exercise in bringing this collateral attack is statutory.  *See Abney v. United States,* 431 U.S. 651, 656, 97 S.Ct. 2034, 2038 (1977) ("The right of appeal, as we presently know it in criminal cases, is purely a creature of statute....").  A knowing and voluntary waiver of a statutory right is enforceable.  *Navarro-Botello,* 912 F.2d 318, 321 (9th Cir. 1990).

Here, the Ninth Circuit determined that the Defendant's decision to plead guilty [to two counts] was a "knowledgeable, voluntary act." *United States v. Harpham*, 564 Fed.Appx. 907 (9th Cir. 2014).   The Ninth Circuit found that this Court's;

---

[3]    Mr. Justice Stevens succinctly expressed the following:

(T)he concern with finality served by the limitation on collateral attack has special force  with respect to convictions based on guilty pleas. "Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and by increasing the volume of judicial work, inevitably delays and impedes the orderly administration of justice.

*United States v. Smith*, 440 F.2d 521, 528-529 (7th Cir. 1971) (Stevens, J., dissenting).

> [c]ompliance with Rule 11 and Harpham's on-the-record admissions leave no doubt that his guilty pleas were voluntary and intelligent acts. *See Doe v. Woodford*, 508 F.3d 563, 570-72 (9th Cir. 2007) (holding that a petitioner's guilty plea was voluntary where the record showed it was entered after a thorough plea colloquy).

*Id*.   Based on this determination, the Ninth Circuit dismissed the Defendant's appeal because, "given the plain language of the appeal waiver and [the Defendant's] multiple confirmations that he understood the terms of the plea agreement, [he] knowingly and voluntarily waived his right to appeal." *Id.* (citing cases).

The waiver of appeal term of the Plea Agreement also included an express waiver of "any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposed sentence." ECF 200 (Plea Agreement, ¶ 16).

The Ninth Circuit's principled and well-reasoned determination equally applies to the matter *sub judice*.[4] Accordingly, the Defendant's assertion relating to a purported absence of a factual basis to establish an effect on interstate or foreign

---

[4]   *See United States v. Charles,* 581 F.3d 927, 931 (9th Cir. 2009) ("[A] defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." (quoting *United States v. Jeronimo,* 398 F.3d 1149, 1154 (9th Cir. 2005)) (internal quotation marks omitted).

P50622dd.JHA

commerce to support his plea of guilty to attempting to use a weapon of mass

destruction (Ground 1) and his intent to harm any person or persons because of their

race, color, religion, or national origin (Ground 2), as well as any non counsel-related

complaints (Ground 3) are barred by the Defendant's waiver.  For this reason,

Grounds 1 and 2 of the Defendant's petition should be denied outright and Ground 3

in part (based on a waiver), at a minimum.

**B.**     **Even in The Absence Of Defendant's Waiver, His Non Counsel-Related Complaints Are Not Cognizable**

To be cognizable on collateral review, an attack on a sentence / conviction must

be based upon an unconstitutional sentence or a complete miscarriage of justice.

*United States v. Timmreck*, 441 U.S. 780, 784, 99 S. Ct. 2085 (1979) (citing *Hill v.*

*United States*, 368 U.S. 424, 82 S.Ct. 468 (1962)).  Even if the Defendant had not

waived his right to seek collateral review, his petition is not cognizable because his

sentence / conviction was neither unconstitutional nor a fundamental miscarriage of

justice.

The Defendant's guilty pleas were an admission of all the elements and material

facts of the relevant criminal charges contained in the Superseding Indictment.  *See*

*United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757 (1989)  ("a plea of guilty and

the ensuing conviction comprehend all the factual and legal elements necessary to

sustain a binding, final judgment of guilt").[5]   "Any attempt to contradict the factual

basis of a valid plea must fail."  *United States v.* Gough, 152 F.3d 1172, 1173 (9th Cir.

1998). Thus, the Defendant cannot challenge his pleas on the ground that there was

insufficient evidence to prove an element of the offense.  Moreover, the record belies

the Defendant's complaint about having insufficient time to potentially challenge the

evidence against him.

       1.     <u>Defendant's Ground 1- Interstate Commerce</u>

       The rule foreclosing collateral review of challenges to the sufficiency of the

evidence applies to claims that the evidence was insufficient to what are often referred

to as "jurisdictional" elements – for example, claims that there was insufficient proof

of a nexus with interstate commerce.[6]  A lack of evidence on such an element does not

deprive a court of subject-matter jurisdiction.  As the Seventh Circuit has explained,

---

[5]     While a defendant can pursue §2255 relief where a plea is not voluntary or

intelligent (*see Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604 (1998)), in

this case the Ninth Circuit's determination forecloses any such argument.  *United*

*States v. Harpham*, 564 Fed.Appx. 907 (9th Cir. 2014).

[6]     *Cf. United States v. Nukida,* 8 F.3d 665, 668-69 (9th Cir. 1993) ("Jurisdictional

issues will ordinarily be considered regardless whether they are raised in the trial

court.").  Here the Defendant has not, because he cannot show that his challenge

presents a true jurisdictional question, and not merely one of the sufficiency of the

government's evidence.

P50622dd.JHA

"[a] link to interstate commerce may be essential to Congress's substantive authority, but the existence of regulatory power differs from the subject-matter jurisdiction of the courts." *Hugi v. United States,*164 F.3d 378, 380-81 (7th Cir. 1999), cited by *United States v. Ratigan*, 351 F.3d 957, 963 (9th Cir. 2003). If a defendant pleads guilty, and admits the "jurisdictional" element along with the other elements of the statute, he may not challenge the sufficiency of the evidence on collateral review.

Here, the Defendant not only acknowledged and agreed in the Plea Agreement that the United States could prove the interstate commerce element (ECF 200 (Plea Agreement ¶6, pp. 6-7)), but also acknowledge the same during the change of plea hearing (EFC 245, pp. 16-17 and 21-22 , 8,10). Ergo, the Defendant's claim should be summarily denied.

2. <u>Defendant's Ground 2 - Race / National Origin</u>

For the same reasons -- attempts to contradict the factual basis of a valid plea must fail – the Defendant's challenge to the factual basis to show his intent to harm any person or persons because of their race, color, religion, or national origin should also be summarily denied. *See* ECF 200 (Plea Agreement ¶6, p. 9) and EFC 245, pp. 24 and 21-22, 10,11.[7]

---

[7]   The Defendant's challenge cannot be reconciled by the evidence of his photographs of African American march participants (PSR ¶¶  15,19, 21-26, 31), his racist reading material (PSR ¶¶ 27-30)  extreme racial rants (PSR¶¶ 21-26, 31), and the anti-coagulant coating on the 128 ¼ ounce fishing weight-shrapnel.

United States' Response - 11

P50622dd.JHA

3.    <u>Defendant's Ground 3 – Continuance</u>

The Defendant complains that he was pressured him into either pleading guilty or proceeding to trial unprepared because this Court did not grant a continuance of the trial to provide him an opportunity to retain another explosives expert.

The trial in this matter was initially scheduled to commence on May 31, 2011. ECF 24.  The Defendant filed two motions to continue (ECF 68 and 149), both of which motions this Court granted (ECF 72, 158).[8]  Following these continuances, the Defendant disclosed his explosives expert opinion on August 4, 2011.[9]  The expert opined that the IED would not have functioned as designed.  To rebut this opinion, the

---

[8]    The Defendant filed the second motion for a continuance on August 11, 2011. ECF 149.  This motion was driven, in large part, not by inadequate trial preparation but by a concern that media coverage of a national dedication of a Dr. Martin Luther King memorial could potentially taint the jury (that would have been seat at that point).  This Court granted the motion and rescheduled the August 22 trial for September 12, 2011. ECF 158.  Defense counsel were prepared and staged to proceed to trial, having filed witness and exhibit lists (ECF 177), proposed jury voir dire (ECF 171) and proposed jury instruction (ECF 167).

[9]    The Defendant's explosives expert, who examined the IED components on June 7, 2011 (ECF 174, p.5) provided a long-awaited expert report on August 4, 2011 (ECF 215), but only after the United States had filed two motions to compel expert reports (ECF 63 and 92).

United States' Response - 12

P50622dd.JHA

FBI constructed and detonated similarly-constructed IEDs demonstrating that, in fact, it would have functioned. *Cf.* ECF 268, pp. 6-8. Thereafter, on September 2, 1011, this Court ordered expedited arrangement for the United States to conduct additional "demonstration shots" of similarly-constructed IEDs based on the Defendant's oral suggestion for additional time (in the context of the admissibility of evidence (ECF 268, p.10)). ECF 268, pp. 19, 26. The Defendant did not object to this arrangement or ask for additional time. *See generally* ECF 268. *See also* ECF 197.[10] The arrangements were made, but in the meantime the Defendant decided to plead guilty.[11]

As part of his guilty plea the Defendant stipulated to the overwhelming evidence of guilt against him, he expressly acknowledged that he had had enough time to speak with defense counsel, that he was satisfied with their advice, and that he was pleading guilty because he was guilty. *See* ECF 245, pp. 5-6 and ECF 200 (Plea Agreement, pp. 5-16). This Court engaged in a colloquy with the Defendant:

[10] As this Court subsequently noted, the case moved along: "because of the cooperation of counsel, the cooperation of the Government in fully complying with their obligations to furnish all inculpatory and exculpatory information and the thorough and prompt investigation of this matter by able and competent counsel for [the Defendant]." ECF 276, p. 3.

[11] Of note, the Defendant had constructed a similar IED and test fired it. *See* PSR ¶¶ 32-33. The Defendant knew the IED would function and it should have come as no surprise that the United States would so prove.

United States' Response - 13

P50622dd.JHA

| | |
|---|---|
| THE COURT: | Have you had enough time to discuss this matter with your attorneys? |
| THE DEFENDANT: | Yes. |

ECF 245, p.5.

| | |
|---|---|
| THE COURT: | All right. And, since Saturday, have you had enough time to discuss the contents of the plea agreement with your attorneys? |
| THE DEFENDANT: | Yes. |
| THE COURT: | And are you satisfied with the advice that you have received from Mr. Pevan and Ms. Deater, and Ms. Moran? |
| THE DEFENDANT: | Yes. |

ECF 245, pp.5-6.

| | |
|---|---|
| THE COURT: | And, once again, do you feel you need any more time to talk with your attorneys as to the plea agreement? |
| THE DEFENDANT: | No. |

ECF 245, p.6.

| | |
|---|---|
| THE COURT: | Are you satisfied the Government can prove those facts? |
| THE DEFENDANT: | Yes, your Honor. |

ECF 245, p.22.

As noted above, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S. Ct. 1621 (1977). [12]  At bottom, the record simply undercuts the Defendant's complaint and it should be summarily denied.

---

[12]  Moreover, Mr. Justice Stevens succinctly expressed the following:

> (T)he concern with finality served by the limitation on collateral attack has special force  with respect to convictions based on guilty pleas. Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and by increasing the volume of judicial work, inevitably delays and impedes the orderly administration of justice.

*United States v. Smith*, 440 F.2d 521, 528-529 (7th Cir. 1971) (Stevens, J., dissenting).

United States' Response - 14

P50622dd.JHA

## C.  In All Events, Defendant Procedurally Defaulted The Non Counsel-Related Challenges

Because the Defendant failed to raise in the District Court or on appeal any claim about the sufficiency of the evidence relating to the interstate commerce and race/national origin issues (as well as his complaint that the September 12, 2011, trial date was not continued), he has procedurally default those issues.  Moreover, he has not shown, nor can he show, that his default fits within one of the established exceptions. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.' " *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604 (1998) (internal citations omitted).

The Defendant's procedural default bars consideration of his sufficiency of the evidence claims and his complaint relating to a continuance of his trial.  The record, including the overwhelming evidence of guilt and the Defendant's admissions, belies any suggestion that the Defendant can demonstrate cause, prejudice, or actual innocence.  On this basis, the Defendant's motion should be denied.

## D.  Defendant's Complaint Couched As An Ineffective Assistance Of Counsel Challenge is Meritless

The Defendant appears to be challenging his counsels' effectiveness by asserting that he would not have plead guilty or entered the binding Rule 11(c)(1)(C) Plea agreement if he had not been facing a life sentence based on a conviction under 18 U.S.C. § 924(c)(1)(B)(ii) on Count 4.  In support of this assertion, the Defendant

United States' Response - 15

P50622dd.JHA

essentially argues that he believes he could have challenged the definition of a "firearm" as restricting the interplay between 18 U.S.C. § 924(c)(1)(B)(ii) (Count 4) and 18 U.S.C. § 249 (Count 3), thereby avoiding a potential life sentence.  He carps that his counsel did not so advise him.   Furthermore, he complains that had he known the advisory Guidelines sentence range was 135 – 168 months as calculated in the PSR (thus, not facing a possible life sentence), he would not have agreed to enter the Rule 11(c)(1)(C) Plea Agreement with a sentencing range of 27 - 32 years.   His self-serving assertions are illusory and of no moment.

The Sixth Amendment entitles a criminal defendant to "a reasonably competent attorney, whose advice is within the range of competence demanded of attorneys in criminal cases." *United States v. Cronic,* 466 U.S. 648, 655, 104 S.Ct. 2039, 2044–45 (1984) (internal quotations omitted).  In order to find that a defendant was deprived of the effective assistance of counsel and grant him/her relief on a § 2255 challenge a court must conclude counsel's performance was deficient and that the deficient performance prejudiced the defendant.  *See United States v. Manzo,* 675 F.3d 1204, 1209 -10 (9th Cir. 2012); *United States v. Withers,* 638 F.3d 1055, 1066–67 (9th Cir. 2011).  It is a defendant's burden to provide sufficient evidence from which a court can conclude counsel's performance was unconstitutionally ineffective. *See, e.g., Withers,* 638 F.3d at 1066–67 .

Counsel's performance is deficient when it is unreasonable, or not "within the range of competence demanded of attorneys in criminal cases." *Strickland v.*

*Washington,* 466 U.S. 668, 687, 104 S.Ct. at 2054 (1984).  Judicial scrutiny of counsel's performance must be "highly deferential." *Id.,* 466 U.S. at 689, 104 S.Ct. at 2065.  *See also Carter v. Lee,* 283 F.3d 240, 248–49 (4th Cir. 2002).  A defendant must overcome a strong presumption that his counsel's representation was within a wide range of reasonable professional assistance.  *See United States v. Ferreira–Alameda,* 815 F.2d 1251, 1253 (9th Cir. 1996); *United States v. Molina,* 934 F.2d 1440, 1447 (9th Cir. 1991).  In the context of a defendant who pleads guilty, to be entitled to relief the defendant must establish that, but for his counsel's allegedly deficient performance, he/she would have chosen not to plead guilty but to proceed to trial. *See, e.g., Bethel v. United States,* 458 F.3d 711, 718 (9th Cir. 2006).  *See also Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366 (1985)

    1.   <u>Defendant's Challenge to the Operative Definition of "Firearm" Fails</u>

The Defendant claims that his counsel told him that he faced a life sentence if convicted on Count 4, while at the same time not informing him that he could challenge the operative definition of a "firearm" vis a vis the charges against him.  Count 4 (dismissed by way of the Plea Agreement) charged the Defendant with a violation of 18 U.S.C. § 924(c)(1)(B)(ii), that is, use of a firearm in relation to a crime of violence, to wit a Hate Crime as charged in Count 3.[13]  Where the firearm involved is a "destructive device", the penalty is a consecutive term of imprisonment "of not less than 30 years [up to life]." *Id.*

---

[13]    A "crime of violence" is defined in 18 U.S.C. § 924(c)(3).

P50622dd.JHA

There is no question that the IED in this case met the broad definition of a firearm as a "destructive device" in that not only was it a device similar to a bomb, grenade, or mine (18 U.S.C. § 921(a)(4)(A)), but it was a "weapon * * * by whatever name known which will * * * expel a projectile by the action of an explosive or other propellant, and which has a barrel with a bore of more than one-half inch in diameter." 18 U.S.C. § 921(a)(4)(B)).  *See* PSR ¶ 11(Defendant's IED had a 3 inch diameter). Plainly, the evidence in this case conclusively shows that the IED met the definition of a firearm under § 924(c) and that the Defendant attempted to use it during and in furtherance of the charged Hate Crime.

Contrary to the Defendant's contention the Hate Crime charged in Count 3 is a predicate crime of violence because, in committing this crime, the Defendant intended to cause bodily injury to a person or persons by use of an explosive device.  *See* ECF 245 (transcript of change of plea hearing, p.21-22 (admission Defendant built and placed the IED with the intent to cause bodily injury to a person or persons because of actual or perceived race, color, or national origin)). [14]  Under the Hate Crimes statute an explosive device is defined to mean, *inter alia*, "(A) dynamite and all other forms of high explosives [and] (B) any explosive bomb, grenade, missile, or similar device *

---

[14]     There is no question that the IED in this case met the definition of a "destructive device."  Not only was a device similar to a bomb, grenade, or mine (18 U.S.C. § 921(a)(4)(A)), but as noted above it had a bore of more than one-half inch in diameter. 18 U.S.C. § 921(a)(4)(B)).  *See* PSR ¶ 11(IED had a 3 inch diameter).

United States' Response - 18

* *." 18 U.S.C. § 232(5).   While not expressly stating so, it appears the Defendant is basing his instant challenge on the resurrected opinion of Dr. Frederic Whitehurst, a defense expert retained post-plea.  Dr. Whitehurst opined that the IED was more akin to a shotgun shell rather than an explosive device.  *See generally* ECF 241-1 (Whitehurst letter report).  This Court noted that this opinion only "reinforces the Court's conclusions [that suggesting the IED was not an explosive or incendiary device under § 232(5) is patently meritless].  ECF 249, pp. 3-4.  Of import, Dr. Whitehurst took no issue with the weapon of mass destruction-related charge in Count 1, which charge essentially drove the sentence imposed.  ECF, p. 3.

The Defendant has not established that he was denied his constitutional right to the effective assistance of trial or appellate counsel.  *See Shah v. United States,* 878 F.2d 1156, 1162 (9th Cir. 1989) (holding the failure to raise a meritless claim does not constitute ineffective assistance of counsel).

2. <u>Defendant's Challenge to the Negotiated Plea Agreement is Meritless</u>

The Defendant asserts that he would not have agreed to enter the Rule 11(c)(1)(C) Plea Agreement with a sentencing range of 27 - 32 years if he had  known the advisory Guidelines sentence range was 135 – 168.  The Defendant fails to point out that, because his motivation was to intimidate or coerce a civilian population, he faced an appropriate upward departure resulting in a sentencing range of <u>life</u>.  *See* PSR ¶¶ 49 and 113.  More importantly, however, this Court ultimately determined the Defendant's Guidelines sentencing range was in fact <u>life</u>, based on a total offense

P50622dd.JHA

level 44 and a criminal history category I.  ECF 237 (Court's Sentencing

Memorandum p.5).  Yet, defense counsel deftly negotiated the terms of a binding Plea

Agreement which limited his upward sentencing exposure  of life to 32 years. *See*

ECF 237.

The fact that the Defendant now believes he could have achieve a better bargain

is inapposite.  *See United States v. Navarro–Botello,* 912 F.2d 318, 320 (9th  Cir.

1990) ( "Whatever appellate issues might have been available to the defendant  were

speculative compared to the certainty derived from the negotiated plea with a set

sentence parameter. He knew he was giving up possible appeals, even if he did not

know exactly what the nature of those appeals might be. In exchange, he gained a set

sentence.  Just because the choice looks different to the defendant with the benefit of

hindsight, does not make the choice involuntary."). *Id.* at 322.

Indeed, the most important benefit of plea bargaining is the finality that results.

The Defendant unsuccessfully attempted to withdraw his guilty pleas, which attempts

were fully considered by this Court and roundly denied.  *See* ECF 236 and 249.  In

fact, the Defendant's three counsel did a commendable job (s*ee* ECF 276, p.3 ("able

and competent counsel for Mr. Harpham"), engaged in active pretrial motions practice

(*see e.g.* ECF 84, 120, 113, 144, 155, 119, 111, 117, 143, 151, and 166); and were

prepared to proceed to trial (*see e.g.* ECF 81, 118,146, 167, 171, and 177).  It was the

Defendant's choice to knowingly and voluntarily plead guilty.

In sum, defense counsel made strategic considerations, prepared for trial, and ultimately limited the Defendant's exposure to a life sentence.  Their representation did not fall below the range of competence demanded of attorneys in criminal cases, and other than the Defendant's self-serving, newly minted complaints there is no reasonable probability that, but for counsel's purported errors, he would not have pleaded guilty and would have insisted on going to trial.  *Washington v. Lampert,* 422 F.3d 864, 873 (9th Cir. 2005) (quoting *Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366 (1985)).

## CONCLUSION

Based on the foregoing reasons, the United States respectfully submits that this Court should deny the Defendant's instant motion.

Dated:  June 22, 2015.

MICHAEL C. ORSMBY
United States Attorney

*s/ Joseph H. Harrington*
Joseph H. Harrington
Assistant United States Attorney

United States' Response - 21

P50622dd.JHA

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that on June 22, 2015, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such

4

filing to the following:

5

6        And to the following non CM/ECF participants: N/A

7

Kevin William Harpham, Pro Se

8    LOMPOC

9    13663-085 Federal Correctional Institution Inmate Mail/Parcels

3600 Guard Road

10   Lompoc, CA 93436

11

12                                *s/ Joseph H. Harrington*

13                                Joseph H. Harrington
                                Assistant United States Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

P50622dd.JHA