UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN WILLIAM HARPHAM,<br><br>Defendant. | NO. 2:11-cr-00042-JLQ<br>2:15-cv-125-JLQ<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant Kevin William Harpham's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 290). The Motion was filed on May 5, 2015. The court directed the Government to file a Response, which it did, after one continuance, on June 22, 2015 by Assistant U.S. Attorney Joseph Harrington. Harpham did not file a Reply brief. For reasons outlined *infra* the court denies Harpham's Motion.

## I. BACKGROUND

On September 7, 2011, Harpham pled guilty to Attempted Use of a Weapon of Mass Destruction, 18 U.S.C. § 2332a(2) and Hate Crimes, 18 U.S.C. § 249. The Plea Agreement provided in part that Harpham agreed the Government could prove beyond a reasonable doubt that on or about January 7, 2011, he planted an Improvised Explosive Device (IED) along the route of the Martin Luther King parade in Spokane, Washington.

ORDER - 1

The 11(c)(1)(C) Plea Agreement provided for a term of imprisonment of 27-32 years, followed by a lifetime of Supervised Release. Harpham was authorized to withdraw from the Plea Agreement if the court sentenced him above 32 years imprisonment.

Important to the present Motion, the Plea Agreement also stated:

> Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which in the exercise of due diligence, could not be known by Defendant by the time the court imposes the sentence.

ECF No. 22, at ¶ 16. The court accepted the guilty pleas and the Plea Agreement. On December 20, 2011, the court sentenced Harpham to 32 years incarceration and lifetime Supervised Release. During the sentencing hearing, Harpham made an oral Motion to Withdraw his guilty pleas. The court denied the Motion. On December 29, 2011, Harpham filed a Motion to Reconsider, which was also denied. Harpham appealed to the Ninth Circuit, which denied and dismissed the appeal on March 20, 2014. *U.S. v. Harpham*, 564 Fed.Appx. 907 (9th Cir. 2014) (unpublished).

In his § 2255 Motion, Harpham attacks the factual and evidentiary basis of the Plea Agreement, asserts the court unfairly prejudiced the defense by denying a third pretrial motion to continue, and claims ineffective assistance of counsel.

## II. ANALYSIS

### a. Waiver of § 2255 claims

A defendant's right to collaterally attack his sentence is statutory. *Abney v. U.S.*, 431 U.S. 651, 656 (1977). A knowing and voluntary waiver of a statutory right is enforceable. *Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). Harpham filed this Motion pursuant to 28 U.S.C. § 2255, despite having knowingly and voluntarily waived this right, except for the ineffective assistance of counsel claim. On appeal, the Ninth Circuit found that Harpham "knowingly and voluntarily" entered into the Plea Agreement

ORDER - 2

based on "Harpham's multiple confirmations that he understood the terms of the plea agreement." *Harpham*, 564 Fed.Appx., at 909.

The court finds that Harpham validly waived his statutory right to collaterally attack his sentence on all but his ineffective assistance of counsel claims.

### b. Evidence sufficiency and continuance claims are non-cognizable

Even if Harpham had not waived his right to collaterally attack his sentence, his claims would still fail because they are not cognizable on collateral review. To be cognizable on collateral review, an attack must be based upon an unconstitutional sentence or a miscarriage of justice. *United States v. Timmreck*, 441 U.S. 780, 784 (1979). Here there was neither an unconstitutional sentence nor a miscarriage of justice because Harpham's valid guilty pleas were admissions of all the elements of the charges contained in the Superceding Indictment. *See United States v. Cazares*, 121 F.3d 1241, 1246 (9th Cir. 1997) ("By pleading guilty, a defendant admits the facts constituting the elements of the charge."); *see also United States v. Broce*, 488 U.S. 563, 569 (1989) ("a plea of guilty and the ensuing conviction comprehend all the factual and legal elements necessary to sustain a binding, final judgement of guilt."). Thus, Harpham's "'attempt to contradict the factual basis of [the] valid plea must fail'" because he knowingly and voluntarily admitted to committing all of the factual allegations necessary to sustain the convictions. *Cazares,* 121 F.3d, at 1246, *quoting United States v. Morrison*, 113 F.3d 1020, 1021 (9th Cir. 1997).

*1. Interstate commerce*

Harpham claims that at the change of plea hearing, the court failed to establish the jurisdictional basis for his guilty plea to Attempted Use of a Weapon of Mass Destruction because the Government did not sufficiently identify that the property he sought to destroy was used in interstate commerce, as required by 18 U.S.C. § 2332a(2)(B) and (D). Harpham is incorrect in his claim that the alleged deficiencies in the Government's plea hearing proof regarding interstate commerce is a jurisdictional issue. "Defects in the

ORDER - 3

government's evidence regarding ... 'the nexus with interstate commerce' ... go to the merits of the case" and does not "affect[] ... a court's constitutional or statutory power to adjudicate a case..." *U.S. v. Ratigan*, 351 F.3d 957, 963 (9th Cir. 2003) *quoting Hugi v. United States*, 164 F.3d 378, 380-81 (7th Cir. 1999). Harpham's "assertion that the government's evidence did not adequately prove that" he targeted property in interstate commerce "is a simple question of the legal sufficiency of the government's evidence of one element of the charged offense." *Id.* at 964. With this in mind, Harpham's argument is really that the Government did not have sufficient evidence to prove beyond a reasonable doubt that he targeted property involved in interstate commerce. But, as discussed *supra*, his valid plea of guilty to the contrary in the Plea Agreement (ECF No. 200 at ¶ 6) and during the change of plea hearing (ECF No. 245) foreclose this argument.

### 2. Race and National Origin

Similarly, Harpham also argues that the court failed to establish that he intended to harm any person because of that person's race, color, or national origin as required by 18 U.S.C. § 249(a)(1). Harpham tries to draw a new distinction, arguing he targeted people for their political beliefs rather than racial identity. Yet in the Plea Agreement, at ¶ 6, Harpham admitted that he "built and placed the IED at the [MLK Day] March because of the actual or perceived race, color, or national origin of the people marching, with the intent to cause bodily injury to the person or persons in order to further his racist beliefs." Having engaged in a valid plea of guilty to this charge and to these facts, Harpham cannot now retroactively contradict the admission.

### 3. Continuance denial

Trial in this matter was initially scheduled for May 31, 2011. The court granted two of Harpham's attorneys' motions to continue, resulting in a final trial date of September 12, 2011. In August 2011, Harpham's attorneys disclosed an expert witness report which claimed that the IED would not have functioned as designed. To rebut this opinion, the

ORDER - 4

FBI constructed and detonated similarly-constructed IEDs to demonstrate that Harpham's would have functioned properly. However, the Government conducted this test in Virginia without notice to or presence of the defense. Therefore, on September 2, 2011 the court ordered that by September 8, 2011 the Government re-construct three IED explosion tests with the defense's expert present (ECF No. 197). The court denied Harpham's motion to continue the trial date. On September 7, 2011, the 11(c)(1)(C) Plea Agreement was presented to the court and Harpham changed his plea to guilty on counts 1 and 3 of the Superseding Indictment. (ECF No. 201).

Harpham argues that the court's denial of the September, 2011 motion to continue resulted in him being "faced with going to trial without my attorneys having adequate time to retain an expert to review the results of the tests or conduct similar tests to determine whether the government's tests were properly conducted." However, the September 2, 2011 court Order required the Government's expert to "respond to any questions the defense and/or the defense expert might have as to how the IED test shots were planned, designed, executed, analyzed, and what conclusions [the Government expert] intends to draw based upon the test shots" and required, at the defense expert's request, the FBI to "forthwith re-construct three identical test IEDs and re-perform the tests conducted earlier with [the defense expert] present." (ECF No.197). Therefore Harpham is incorrect that he faced trial without the ability prepare an adequate expert witness. What's more, Harpham was charged with, and pled guilty to, *attempting* to use the IED. As discussed at the sentencing hearing, whether the IED would have actually worked was of minimal legal consequence.

### 4. Conclusion re: Harpham's attack on the factual basis of the plea

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63 (1977). Harpham entered a knowing and voluntary plea of guilty, both in the Plea Agreement and in open court during the change of plea, in

which he admitted that the Government could prove beyond a reasonable doubt that he attempted to use a weapon of mass destruction and that he attempted to cause bodily injury with an explosive device because of his intended victims' race, color, or national origin. The Ninth Circuit affirmed the validity of Harpham's guilty pleas.

The court finds that, even if Harpham had not waived his statutory rights to bring a § 2255 Motion, his claims would still have failed because the sentence imposed by the court was neither unconstitutional nor a manifest injustice

d. Insufficiency of evidence claims are procedurally defaulted

Harpham directly appealed the court's Order Denying Defendant's Motion to Withdraw Pleas of Guilty and the Order Denying Motion to Reconsider (ECF No. 252). These appeals were denied. Harpham did not challenge the sufficiency of the evidence against him on appeal. Issues are procedurally defaulted when not raised on direct appeal. *Bousley v. U.S.*, 523 U.S. 614, 621 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and 'actual prejudice' or that he is 'actually innocent.'" *Id.* at 622 *quoting Murray v. Carrier,* 477 U.S. 478, 485 (1986) *and Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

For reasons discussed *supra* Harpham has not made a showing of cause, actual prejudice, or actual innocence. Nowhere in his Motion does Harpham attempt to articulate or establish a cause for his default. Furthermore, "'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 624. Yet, legal insufficiency is exactly what Harpham claims in this Motion. Rather than argue actual innocence, Harpham attempts to re-litigate the legal sufficiency of the Government's evidence. The court finds Harpham's evidentiary arguments are procedurally defaulted.

ORDER - 6

e. Ineffective assistance of counsel

The Plea Agreement permits Harpham to file § 2255 Motions "based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence." "To establish ineffective assistance of counsel" a defendant "must show 'both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.'" *U.S. v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012) *quoting Iaea v. Sunn*, 800 F.2d 861, 864 (9th Cir. 1986); *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Harpham's first ineffective assistance argument is that "my attorneys did not inform me that I could challenge the ability of the government to charge me with using a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(B)(ii) ... based upon a violation of 18 U.S.C. § 249." Using a firearm in the furtherance of a crime of violence, §924(c)(1)(B)(ii), was dismissed in the Plea Agreement. The predicate "crime of violence" was § 249, the hate crime statute, to which Harpham pled guilty. Harpham argues that "Because [the hate crime statute] necessarily requires the use of a firearm, I believe that I could not be convicted under [the use of firearm during a crime of violence statute] based on a violation of [the hate crime statute]." While it is unclear, Harpham appears to be challenging whether his IED met the statutory definition of "explosive or incendiary device" under the hate crime statute, which then questions whether it was a predict crime of violence allowing for the § 924 charge. Rather than arguing ineffective assistance of counsel, Harpham is re-litigating the IED argument which was put to rest when he pled guilty. Even if this argument was directed more towards ineffective assistance of counsel, it is not based on information not known or could not be known by Harpham at the time of sentencing. The record extensively reflects how both parties argued the IED statutory definition issue pretrial.

ORDER - 7

Second, Harpham argues that his attorneys erroneously advised him that § 924 carries a life sentence when it actually carries a sentence of "not less than 30 years." Harpham claims that "I would not have agreed to a sentence of 27-32 years if I had known that I was not facing a life sentence based on a conviction" of § 924 since his Guideline Range was 135-168 months. Harpham cites the Guideline Range without his enhancements. However, when adding the enhancements for creating a substantial risk of death or bodily injury and for terrorism, the final Guideline Range was actually 324-405 months, which overlaps with the recommended range in the Plea Agreement. Harpham's argument that he faced a much lower Guideline Range than what was reflected in the Plea Agreement is without merit. Furthermore, the Attempted Use of a Weapon of Mass Destruction does carry a possible life sentence, rejecting Harpham's argument that his allegedly erroneous belief that § 924 carried a life sentence caused him to plead guilty. Regardless of the § 924 penalty, Harpham was facing a possible life sentence. That he was ultimately sentenced to 32 years is evidence that his attorneys provided proper representation.

Harpham has made no attempt to meet the ineffective assistance of counsel threshold of deficiency and prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984). Instead, he is attempting to re-litigate evidentiary issues surrounding his IED and a misreading of his Guideline Range. The court finds that Harpham has not shown that his attorneys provided ineffective assistance of counsel.

### III. CONCLUSION

All of Harpham's § 2255 claims, except for ineffective assistance of counsel, were waived in the Plea Agreement. Even if they were not waived, these claims are not cognizable on collateral review because Harpham has not shown that his sentence was unconstitutional or a miscarriage of justice. Harpham's evidence sufficiency claims are also procedurally defaulted. Finally, none of Harpham's ineffective assistance of counsel

claims have merit because he has not shown either deficiency or prejudice as required by *Strickland v. Washington*, 466 U.S. 668 (1984).

**IT IS HEREBY ORDERED:**

Kevin Harpham's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 290) is **DENIED**.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel and to Kevin Harpham at his last known address.

**DATED** this 3rd  day of August, 2015.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 9